## BUCKMINSTER v. WRIGHT & a.

When a suit is brought to compel the defendant to pay his own debt, which he is legally and equitably bound to pay, and which the plaintiff in interest (by whom the suit is brought) has paid, and an inequitable defence is made upon technical grounds, justice may require an amendment of the writ and declaration that will accomplish the object of the suit.

ASSUMPSIT, on the common money counts. Facts found by the court. The plaintiff was a surety for the defendants, who were the principals on a note given by them to a bank. After six years, by reason of partial payments made on the note by the defendants, they remained liable; but the statute of limitations became a defence to the plaintiff. *Exeter Bank* v. *Sullivan*, 6 N. H. 124; *Kelley* v. *Sanborn*, 9 N. H. 46; *Whipple* v. *Stevens*, 22 N. H. 219, 226. But the plaintiff, supposing himself still liable, made a contract with one Farnum, in consequence of which Farnum paid the note to the bank with his own money, and took it up, and brought this suit in the name of the plaintiff to recover what he paid. The defendants contend that Farnum's payment of his own money was voluntary; that it was not made by him as agent of the plaintiff, or at the plaintiff's request, or in the execution of any authority given by the plaintiff, and was neither made at the defendants'

request, nor ratified by them; and that the money cannot be recovered of the defendants, either for the plaintiff, or for Farnum as plaintiff in interest..

*Cushing (H. Blake* with him), for the plaintiff, cited *Hichborn* v. *Fletcher*, 66 Me. 209 ; 3 Parsons Con. 94, *et. seq.*, and *c*. 6, *s*. 3 ; *Odlin* v. *Greenleaf*, 3 N. H. 270.

*Woodward (Faulkners & Batchelder* and *Lane & Dole* with him), for the defendants, cited Comyn Con. 415 ; Co. Lit. 214 *a*; Chitty on Bills 3 ; Reeve Dom. Rel. 90 ; 3 Stark. Ev. 1384 ; 1 Chitty Pl. 2 ; Chitty Con. 515, 516 ; *Beach* v. *Vandenburgh*, 10 Johns. 361 ; *Jones* v. *Wilson*, 3 Johns. 434 ; *Winsor* v. *Savage*, 9 Met. 346 ; *Rumney* v. *Ellsworth*, 4 N. H. 138 ; *Cornwall* v. *Gould*, 4 Pick: 444.

SMITH, J.   The plaintiff had a right to pay the note, and recover the amount of the defendants.   He was not bound to set up the statute of limitations as a defence ; and his making that defence would be useless to the defendants, because they remained liable to the payee.   The defendants are the principals on the note, and ought to pay it.   When Farnum paid the money the defendants were liable to pay it, and if his payment was unauthorized and· voluntary, as they contend, the note remains unpaid so far as they are concerned, and they are still liable to pay it ; and the circumstances of the payment and of the whole case are such that justice requires an amendment that will sustain a judgment against the defendants in this suit for what they are equitably bound to pay, and in some suit can legally be compelled to pay.   The object of this suit is to obtain payment of their own debt from the defendants ; and that object can be justly accomplished by an amendment making the bank plaintiff, and adding to the declaration a· count on the note upon such terms of costs and such conditions of an adjustment of the rights of all parties as equity requires.

*Case discharged.*

CLARK, J., did not sit : the others concurred.