CHAUNCY *v.* GERMAN AMERICAN INS. CO.

An insurer's written assent to an assignment of the policy is properly signed by D. & Son, "Agents," who are authorized sub-agents for that purpose, although their sub-agency does not appear in the writing.

A person entitled to a part of the damages for which judgment should be rendered may be joined as plaintiff by amendment, and may have judgment for his part, if justice will be done by such procedure.

ASSUMPSIT, on a policy of insurance issued by the defendants to one Marden. Facts found by the court. The policy was issued August 1, 1876, by F. W. De Rochemont & Son, who were then the defendants' agents at Portsmouth. Oct. 3, 1878, the defendants reinsured in the Faneuil Hall Insurance Company all property covered by this and all other policies issued by the Portsmouth agents of the defendants. In the policy of reinsurance, the Faneuil Hall company assumed " directly and immediately all the rights and responsibilities of the said German American Insurance Company, under and upon said policies," and agreed to indemnify the defendants " absolutely against all losses and damages under said policies." October 4, 1878, the defendants revoked the authority of their Portsmouth agents, and those agents returned their commission, and ceased to have any authority to act as the defendants' agents for any purpose ; and thenceforth the defendants had no agent and did no business at Portsmouth. In the same month of October, the Fanueil Hall company appointed the same F. W. De Rochemont & Son their agents at Portsmouth, and authorized and directed them to look after the property covered by the Ger-

man American policies which the Faneuil Hall company by their contract of reinsurance had assumed, and to consent to renewals, transfers, or modifications of such policies.

September 1, 1879, Marden, having sold his insured property to the plaintiff, and taken back a mortgage of it to secure a part of the price, assigned his policy to the plaintiff; and De Rochemont & Son assented to the assignment in the name of the defendants, signing the assent "F. W. De Rochemont & Son, Agents," and wrote in the policy a clause making it payable, in case of loss, to Marden, to the amount of his claim. At that time De Rochemont & Son had no license from the insurance commissioner of New Hampshire to act as agents of the defendants. The property was burned April 2, 1880.

The defendants never gave to Marden, or to the plaintiff, or to the public, any notice of the revocation of the authority of the defendants' Portsmouth agents; and neither Marden nor the plaintiff had any knowledge before the fire that De Rochemont & Son had ceased to be the defendants' agents, or that the property was reinsured by the Faneuil Hall company. De Rochemont & Son were authorized by the Faneuil Hall company, but not by the defendants, to assent to Marden's assignment of the policy to the plaintiff.

*J. H. Benton, Jr.* (of Massachusetts), for the defendants. I. The plaintiff sues upon the alleged contract made by De Rochemont & Son, by signing the assent to the transfer from Marden to him, September 1, 1879. Such a contract is not the one made with Marden, nor even a modification, extension, or renewal of that contract. It is a new and original contract, as distinct from and independent of the contract between Marden and the defendants as a new policy to the plaintiff. *Folsom* v. *Ins. Co.*, 30 N. H. 240; *Cummings* v. *Ins. Co.*, 55 N. H. 457, 460; *Wilson* v. *Hill*, 3 Met. 66; *Fogg* v. *Ins. Co.*, 10 Cush. 337. Under the condition of the policy as to change of title or possession of the property, the case is not changed by the fact that when Marden sold the property to the plaintiff and assigned the policy to him, he took back a mortgage on the property and had the policy made payable to him to the amount of his claim. *Foote* v. *H. F. Ins. Co.*, 119 Mass. 259. The contract which was made payable in case of loss to Marden was not the original contract which was made with him and was payable to him, but the new, independent contract, which was made by the assent to his transfer to the plaintiff, if it was made at all. It was the new contract to insure the plaintiff against damage by fire to his house to which the clause written in the policy, " payable in case of loss to Marden to the amount of his claim," applied; and such provision as to payment necessarily implies that the old contract with Marden was ended, and a new and independent one created with the plaintiff.

II. De Rochemont & Son had been authorized and directed by the Faneuil Hall company, who were then liable for any loss under the policy to Marden, to consent to any transfer of the policy. And it is fairly to be inferred, that when they assented to the transfer to the plaintiff they acted under such authority and direction, and intended to bind the Faneuil Hall company by what they did and had a right to do for them, rather than to bind the defendants for whom they had no right to do anything ; and if this be so, it is clear that the Faneuil Hall company are bound by the assent, and are liable for the loss for which the plaintiff sues.

III. But even the Faneuil Hall company is not bound by a contract made by their agent, *i. e.*, by themselves, consenting to the transfer of a policy upon which they were liable, simply because they made such contract upon a form in which the name of the defendants was printed ; still it does not by any means follow that the defendants are liable · merely because the agent of the Faneuil Hall company, in making a contract which he had authority to make and was in duty bound to make for it, used the printed name of the defendants, instead of striking that name out of the form and inserting the name of the company for whom he acted. The mere use of the printed name of the defendants, in the form of assent to the transfer, is not conclusive. The party using that name had no authority to use it to bind the defendants, but had authority to bind the Faneuil Hall company ; and if by such use he intended to bind that company, as it was his duty to do, and as it is submitted he must fairly be inferred to have intended to do, then he did bind that company. The case is not different from that where one person contracts under the name of another, and the court will look to the substance of the transaction rather than to its form.

When De Rochemont, the agent of the Faneuil Hall company, executed the assent to the assignment, he was "not the agent of the defendants for any purpose." It is not, then, a case where a principal may be bound by acts of his agent in excess of his real authority because he has clothed him in apparent authority, for there was no agency whatever. Nor is it a case where one really an agent as to certain property is by the owner of the property clothed with *indicia* of ownership, such as possession accompanied by written evidence of title in himself (as in *Nixon* v. *Brown*, 57 N. H. 34), where the principal is bound by the act of the agent because he holds him out as authorized to do the act at the time it is done ; for the case finds that after De Rochemont & Son ceased to be agents of the defendants, they never did anything to hold them forth to anybody as their agents. It is simply a case where a person who knew that the party assuming to contract with him was an agent, and who had, by reference to the records of the insurance commissioner, or by asking from the assumed agent the production of his license, ample means to ascertain whether he was agent or not, seeks to hold a party for whom the assumed agent

had no authority to act, not on the ground that he had ever dealt with him as agent for such party, or that at the time of the alleged contract he was clothed by such party with any apparent authority to make such contract, but simply on the ground that more than three years before he had been agent for such party for the purpose of making another contract with another person. The plaintiff alleges that De Rochemont was authorized to make a contract of insurance with him for the defendant, on September 1, 1879. Is it proved by showing that though he was not in fact so authorized, he had three years previously been authorized to make such a contract with another person, who had not been notified that such authority had ceased?

It is conceded that the act of De Rochemont & Son, in assenting to the transfer to the plaintiff, was not in fact the act of the defendants. Does the fact that, more then three years before, they had clothed him with authority to make such contracts, but more than a year before had revoked that authority, prove the authority in law?

*Page*, for the plaintiff. De Rochemont & Son had a general authority. Whar. Ag., *s.* 203 ; *Ins. Co.* v. *Wilkinson*, 13 Wall. 222 ; *Pierce* v. *Ins. Co.*, 50 N. H. 297, 301 ; *Clark* v. *Ins. Co.*, 40 N. H. 333, 341. The defendants, having given no notice of the revocation of their agents' authority, are bound by the agents' assent to Marden's assignment of his policy to the plaintiff. Whar. Ag., *s.* 111 ; 2 Kent Com. 644 ; 1 Dan. Neg. Ins., *s.* 288 ; *Davis* v. *Lane*, 10 N. H. 156, 160 ; *Beard* v. *Kirk*, 11 N. H. 397 ; *Salte* v. *Field*, 5 T. R. 211, 215 ; *Morgan* v. *Stell*, 5 Binn. 305. Partners being agents of their firm *(Eastman* v. *Clark*, 53 N. H. 276), the same principle requires notice of a dissolution of a partnership, and of any other revocation of any other agency. *Zollar* v. *Janvrin*, 47 N. H. 324 ; *Deering* v. *Flanders*, 49 N. H. 225 ; Sto. Ag., *s.* 470 ; 1 Par. Cont. 43, 69, 70 ; Chit. Cont. 198 ; *Hatch* v. *Coddington*, 95 U. S. 48, 56 ; *Ins. Co.* v. *McCain*, 96 U. S. 84, 85 ; *Clapp* v. *Rogers*, 12 N. Y. 283 ; *McNeilly* v. *Ins. Co.*, 66 N. Y. 23, 28 ; *Claflin* v. *Lenheim*, 66 N. Y. 301 ; *Fellows* v. *H. & N. Y. S. Co.*, 38 Conn. 197, 200–203 ; *Packer* v. *H. L. Works*, 122 Mass. 484 ; *Watts* v. *Kavanagh*, 35 Vt. 34, 38 ; *Tier* v. *Lampson*, 35 Vt. 179, 181, 182 ; *Bradish* v. *Belknap*, 41 Vt. 172.

The effect of the reinsurance was, that the Faneuil Hall company became agents of the defendants for the care of this risk. The defendants remained liable as insurers. If the assent to the assignment of Marden to the plaintiff is to be regarded as given by the Faneuil Hall company, that company represented the defendants, and assented in the defendants' name.

Doe, C. J. As between the two companies, the Faneuil Hall took the place of the defendants as insurers ; but between insurer

and insured there was no novation. The policy-holder did not release the defendants from their contract with him, and did not accept the other company as a substitute for the defendants; and it is immaterial whether this or any other action could be maintained on the policy against the other company. The defendants transferred to the Faneuil Hall the right to assent to Marden's assignment of the policy to the plaintiff; and if that right could be exercised in the name of the company to whom it had been transferred, it could nevertheless be properly exercised in the name of the defendants. There being a contract of insurance between Marden and the defendants, the assent required by the policy could be given in the name of the party by whom the policy required it to be given; and the defendants, being that party, had authorized the Faneuil Hall to give that assent. The company thus authorized could write on the policy an assent that would bind the defendants; and the writing of an incorporated agent must be done by an agent of that agent.

The written assent, properly given in the name of the defendants, was signed "F. W. DeRochemont & Son, Agents." If it had been signed "F. W. DeRochemont & Son, Agents of the Faneuil Hall Insurance Company, who are authorized to give this assent," or, "F. W. DeRochemont & Son, Agents of the Faneuil Hall Insurance Company, who are agents of the German American Insurance Company for the purpose of giving this assent," the form of the writing would have been unobjectionable. The assent, containing no mention of the Faneuil Hall company, appears on its face to have been given by DeRochemont & Son as the defendants' agents, whereas, in fact, it was properly given by DeRochemont & Son as agents of the defendants' agents. If the disclosure of the subagency were necessary, the writing would be reformed on a bill in equity filed as an amendment of the declaration. *Metcalf* v. *Gilmore*, 59 N. H. 417, 432. But the disclosure of the subagency in the writing was not necessary to bind the defendants.

If the defendants object that a part of the amount due on the policy is payable to Marden, he can be joined as a plaintiff by amendment, and can have judgment for the amount due him without costs; and Chauncy can have judgment for the balance and costs, if justice will be done by such procedure.

*Judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.