WILLOUGHBY, *Adm'r*, v. HOLDERNESS.

The surrender of an unendorsed promissory note to the maker by a mere naked depositary is no consideration for a promissory note from the maker to the depositary as payee.

In such a case, the bailor—payee of the original note—may recover of the maker, in assumpsit, on the original note.

Justice may require the substitution of a new party for the original plaintiff, by an amendment of the writ and declaration.

ASSUMPSIT, on a promissory note for $375.48, dated January 22, 1879, payable to the plaintiff's intestate, Rebecca Gale. Reported in 62 N. H. 227. Facts found by the court. Daniel Lee, a resident of Holderness, enlisted into the military service of the United States September 8, 1862, and was counted on the quota of men required from Holderness. The selectmen, agreeably to a vote of the town to pay a bounty of $200 to residents enlisting into the service, gave Lee a note for $200, payable to his order. Lee, without endorsing the note, left it with William Gale for

safe keeping, went with his regiment to Virginia, disappeared in November, 1862, and subsequently died. January 30, 1866, the town gave a new note, payable to Gale, in exchange for the Lee note. Gale died testate. July 1, 1868, the town took up the Gale note, giving in exchange a new note, payable to Rebecca Gale, his executrix and residuary legatee. The town renewed the last mentioned note to Mrs. Gale February 1, 1875, and again April 1, 1876, and again January 22, 1879, which last is the note in suit. The foregoing notes appear in the annual reports of the treasurer and selectmen, accepted by the town. When the Lee note was surrendered the town had notice that it was Lee's, and when the note in suit was given it was put on inquiry as to the origin of the previous notes. William Gale had no authority to collect the Lee note, or to take a note payable to himself, unless, as matter of law, the deposit gave him such authority. There was no consideration for the note to William Gale, nor for the note in suit, unless William Gale's interest in the Lee note, as a naked depositary, was a legal consideration.

*Pike & Parsons*, for the plaintiff.

*J. L. Wilson* and *Bingham, Aldrich & Remich*, for the defendants.

SMITH, J. The plaintiff cannot recover. William Gale had no authority to surrender the Lee note and take a note payable to himself. There is a total failure of consideration. A judgment in this suit would not bind Lee's administrator, if one should be appointed, nor prevent his recovery upon the original note. When an administrator of Lee's estate is appointed, he may be made plaintiff instead of Willoughby. *Hazen* v. *Quimby*, 61 N. H. 76; *Buckminster* v. *Wright*, 59 N. H. 153; *Boudreau* v. *Eastman*, 59 N. H. 467; *Chauncy* v. *Ins. Co.*, 60 N. H. 428.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.

An administrator upon the estate of Lee was subsequently appointed, who came in, and was substituted for Willoughby as plaintiff, and, on a count for money had and received, judgment was rendered against the defendants for the amount due on the Lee note.