Sullivan, }
June, 1894. }

## UNITY *v.* PIKE.

A town which has paid the owner of sheep for the killing or maiming of them by dogs may recover of the owner of the dogs the actual damage caused thereby.

In an action by a town against the owner of a dog to recover the damages it has paid to an agister of sheep which were injured by the dog, justice may require the joining of the owner of the sheep, or the filing of a release by him, to prevent further litigation.

ASSUMPSIT, for the sum paid by the plaintiffs to Rowe for damage done to sheep by dogs. Facts found by the court. In October, 1892, the defendant's dog and another dog killed in Rowe's pasture four sheep and badly injured six others. Rowe owned three of the sheep that were killed and three of those that were injured; the others he pastured for hire. Upon proceedings under the statute, the town paid Rowe thirty dollars for the entire damage. The court found that the damage done to Rowe's sheep was eighteen dollars, to the other sheep ten dollars, and that two dollars was fair compensation for the time necessarily spent by Rowe by reason of the injury.

*Albert S. Wait*, for the plaintiffs.

*George R. Brown*, for the defendant.

*Per Curiam.** It is provided in *s.* 9, *c.* 118, P. S., that any person who suffers damage occasioned by a dog may recover

---

* See foot-note on page 22.

the same of the owner or keeper of the dog, unless the plaintiff was engaged in the commission of a trespass or other tort at the time of the injury; section 10 provides that he may recover of the owner or keeper of the dog double the amount of the damage sustained; and section 11 authorizes the town, upon proper proceedings, to pay him the damages caused "by reason of the worrying, maiming, or killing of his sheep, lambs, or other domestic animals by a dog." Section 13 is as follows: "After the selectmen have given an order for such damage to the person injured, the town may recover the amount of such order in an action of assumpsit against the keeper or owner of any dog concerned in doing the damage or occasioning the loss." In *East Kingston* v. *Towle*, 48 N. H. 57, it was held that a similar statute was unconstitutional, because it deprived the owner of the dog of an opportunity to be heard on the question of damages; but it was also held that a town might maintain an action under this statute against the owner of a dog to recover the actual damage to be ascertained at the trial. By *ss.* 14-17, *c.* 60, Laws of 1891, some of the provisions of chapter 118, P. S., are modified, but the changes introduced are not material to the present inquiry. Section 13 of the former statute is not in terms qualified or changed by the later act, and the omission to incorporate it, or the substance of it, in the statute of 1891, does not prove that the legislature intended to repeal it. The language used does not require such a construction; and it is not to be assumed that the legislature intended to deprive towns of the right to recover of the owners of dogs the amount of the actual damages they may be compelled to pay on account of the ravages of those animals. Nor is there any inconsistency between section 13 and the provisions of the new act. The plaintiff town, therefore, is entitled to maintain this action for the damages actually suffered by Rowe, which include the value of his sheep that were killed, the depreciation in value of those that were injured, and reasonable compensation for the time he necessarily spent in consequence of the injury.

Whether the town is also entitled to judgment for the damage to the sheep Rowe was pasturing for others, it is not necessary to decide at this time. If the owners had authorized the town to pay the money due them to Rowe, the defendant could have no ground to object to the right of the town to recover it back in this case, and the town would be fully protected against further actions against it by the owners. In a common-law action, brought by Rowe against this defendant for damage done to the sheep of other persons, Rowe might be required to join them as parties for the purpose of terminating the entire controversy. *Buckminster* v. *Wright*, 59 N. H. 153; *Boudreau* v. *Eastman*, 59 N. H. 467; *Cole* v. *Gilford*, 63 N. H. 60. For sim-

ilar reasons justice may require, in this case, a joinder of all
parties in interest for the protection of all against further litiga-
tion ; or the same purpose may be accomplished by the filing of
a release signed by such interested persons as are not parties to
the action. When this is done there will be

*Judgment against the defendant for* $30.

CARPENTER, J., did not sit : the others concurred.

