Merrimack,
June, 1899.

## CATE *v.* MARTIN *&* *a.*

In a petition for *mandamus*, the statement that a board of aldermen, at a legal meeting, after a full investigation and hearing of all parties in interest, by a majority vote of all the qualified members, legally passed resolutions declaring the plaintiff entitled to a seat in the board, is a sufficient allegation of a proper adjudication of the plaintiff's title.

The finding of facts by a board of aldermen upon a contest relating to the election and qualification of a member thereof is final and conclusive, and will only be reviewed by the court as to errors of law by *certiorari* or other appropriate remedy.

When the question is not one of title to office, but whether the plaintiff shall be permitted to perform its duties without interference, *mandamus* is the proper remedy.

PETITION, for *mandamus* and injunction, as follows :

" Respectfully represents Ross W. Cate, resident and legal voter in Ward 2 in Concord in said county, that by a vote of the board of aldermen of the city of Concord, at a legal meeting thereof held on the thirty-first day of January, 1899, the follow-

ing resolutions were legally passed by a majority of all the qualified aldermen, after a full investigation and hearing of all parties in interest, to wit :

" ' Resolved, That Ross W. Cate, having received a plurality
of the votes cast for alderman in Ward 2 in said city, at an election held on the sixth day of last November, is entitled to a seat
in this board ; and John W. Sanborn, not having been elected
at said election, is not entitled to a seat in this board.

" ' Resolved, That the clerk is instructed to substitute in the
place of the name of John W. Sanborn, as an alderman from
Ward 2, the name of Ross W. Cate.'

" That the said Sanborn was then and there occupying the seat
in said board to which said Cate was declared elected ; that the
board of aldermen, being the final judge of the election and
qualification of its members, by the adoption of said resolutions
then and there finally adjudicated and determined that said Cate
was legally elected and qualified as an alderman from said Ward 2,
and he thereupon became entitled to the possession, rights, privileges, and emoluments of that office.

" But, notwithstanding said adjudication and final determination of his right and title to said office, he has been and still is
hindered, obstructed, and prevented from exercising the rights
and privileges of an alderman of said city by Nathaniel E. Martin, acting as mayor of said city and as presiding officer of said
board of aldermen, who has refused and still refuses to recognize the plaintiff as an alderman of said city ; and by said Sanborn, who, without right or color of right, has usurped and still
usurps and exercises the functions of said office, with the wrongful consent, approval, and connivance of said mayor.

" Wherefore the plaintiff prays that a writ of *mandamus* or
other appropriate process may be issued, directed to the said
defendants, commanding the said Martin, as mayor and presiding
officer of the board of aldermen as aforesaid, to recognize said
Cate as a member of said board, and not to hinder or prevent
him from fully enjoying and exercising his rights as an alderman
from said Ward 2 during his term of office, and also commanding the said Sanborn not to interfere with or obstruct said Cate
in the exercise of his rights as such alderman during said term
of office, and for such other orders as may be just."

The defendants moved that the petition be quashed and dismissed : (1) Because the petition is multifarious in asking relief
against Nathaniel E. Martin in his public capacity as presiding
officer of said board of aldermen, and against John W. Sanborn
as a private citizen ; (2) because the petition is erroneous for
misjoinder of actions, seeking to obtain relief by *mandamus*
and by injunction in the same proceeding ; (3) because this
court, as a court of law, has no jurisdiction of the process of in-

junction, nor of any other restraining or prohibitory process; (4) because the petitioner has another plain and adequate remedy at law; (5) because said petition does not set forth a clear and specific legal right, or a duty which ought to be and can be performed; (6) because the petitioner has not established his right to the office claimed, by a petition for a writ of *quo warranto* in the name of the attorney-general; (7) because the petitioner is seeking in his private capacity to redress a public wrong; (8) because the allegations of the petition are not sufficiently full and certain; (9) because the petition is, in other respects, erroneous, defective, and insufficient.

The court, *pro forma*, granted the motion, and the plaintiff excepted.

*Streeter, Walker & Hollis*, for the plaintiff.

*Martin & Howe* and *Eastman & Hollis*, for the defendants.

WALLACE, J. The defendants' motion to dismiss is to be treated as in effect a demurrer, whereby the allegations of the petition are admitted to be true. *Bell* v. *Pike*, 53 N. H. 473, 475.

The petition alleges that, at a legal meeting of the board of aldermen, certain " resolutions were legally passed by a majority of all the qualified aldermen, after a full investigation and hearing of all parties in interest," which resolutions show that the board of aldermen determined that Cate was entitled to a seat in that board, and that Sanborn was not; that, notwithstanding this adjudication in his favor, Cate is prevented from exercising the rights of his office by Sanborn, who usurps the office, and by Martin, who as mayor refuses to recognize the plaintiff as alderman.

The statement that the board of aldermen, after a full investigation and hearing of all parties in interest, at a legal meeting, by a majority vote of all the qualified aldermen, legally passed these resolutions, is a sufficient allegation that the board of aldermen have properly adjudicated the plaintiff's title in his favor, and that everything was done which was necessary to make their action legal. The allegations of the petition and the defendant's motion to dismiss, which admit the truth of these allegations, raise no question as to the legality of the action of the board of aldermen in their adjudication that Cate was, and Sanborn was not, entitled to a seat in that board.

But the question does arise as to the effect of their action,—whether their decision that the plaintiff was elected alderman is conclusive, or whether it may be again litigated in this proceeding, or some other appropriate one. It is provided in *s.* 8, char-

ter of the city of Concord, that " the board of aldermen shall be
final judge of the election and qualification of its members."
Laws 1849, c. 835.   And it is provided in s. 11, c. 48, P. S., that
" each branch [of the city government] shall be the final judge
of the election and qualification of its members, and, if any elec-
tion is contested, shall have the same powers to ascertain the
facts as the city convention have in regard to the election of
mayor."   Section 3, c. 47, P. S., provides that, " in case the
election of mayor is contested, the city councils in convention
shall have power to send for persons and papers, may inquire
into the correctness of the returns, and shall hear and receive
evidence as to any fraud or misconduct in relation to the elec-
tion."

In *Gregg* v. *Goodrich*, 67 N. H. 543, it was decided that in the
case of a contested election of mayor, the city councils in con-
vention act not only as a board of canvassers, but also as a court
with power to try and determine the question of his election.
And in *Attorney-General* v. *Sands*, 68 N. H. 54, it was settled that
the finding of facts by the convention in such a case is final, and
cannot be reversed on an information in the nature of a *quo war-
ranto*.   This decision is based upon " the general rule that
' when the legislature intend a court's decision of questions of
fact shall be revisable by another tribunal on a new trial of the
whole case, whether there is error of law or not, an appeal is
ordinarily provided.'   *Boody* v. *Watson*, 64 N. H. 162, 186.   When
no appeal is provided from the decision of the constituted tri-
bunal on questions of fact properly before it, the inference is
that the legislature intended that the decision should be final."

All the authorities agree that, where a special statutory board
is established with powers of final decision, its action is conclu-
sive.   Cool. Con. Lim. 785 ; 1 Dill. Mun. Cor., s. 202 ; Mechem
Pub. Off., ss. 213, 214 ; High Ex. Rem., ss. 637, 642 ; *People* v.
*Harshaw*, 60 Mich. 200.   The board of aldermen is made the
final judge of the election and qualification of its members both
by the statute and the city charter.   Such board having in con-
tested election cases the same powers to ascertain facts as the
city convention, acts in hearing and determining such cases in a
judicial capacity, and its decision is final and conclusive, except
that it may be correctable as to errors of law by the superintend-
ing power of this court by *certiorari*, or other appropriate rem-
edy.   *Boody* v. *Watson, supra ; Attorney-General* v. *Sands, supra.*
The board of aldermen in trying the disputed title to this office
acted as judges ; their adjudication of the questions of fact in
favor of the plaintiff is final and conclusive, and these questions
will not be retried by another tribunal on *quo warranto* or other
common-law process.

The plaintiff's title having been adjudicated and determined

in his favor by a competent tribunal, the case presents a question, not of title to office, but whether the plaintiff shall be permitted to perform its duties without interference. In such a case, *mandamus* and not *quo warranto* is the proper remedy. *Eaton* v. *Burke*, 66 N. H. 306.

*Exceptions sustained.*

BLODGETT, C. J., did not sit: the others concurred.