Hillsborough, }
 Feb. 8, 1908. }

Sheehan v. Mayor and Aldermen of Manchester.

In the determination of an election contest, each branch of the city councils, as well as the city convention, acts in a judicial capacity, and the conclusions reached are final as to matters of fact; the superintending power of the court being limited to the correction of errors of law apparent upon the record, or to requiring action by the body refusing to entertain a contest.

Where the allegations of a petition to a board of aldermen present a contest as to an election and make it the duty of the petitionees to determine the controversy, a refusal of the board to hear competent evidence is error, correctible by *mandamus* directing the board to proceed with a hearing.

Whether a claimant of the office of alderman, or the occupant of the seat, was duly elected thereto, is determinable by the decision, upon competent evidence, of the question as to which party received the larger number of legal votes, or for whom the larger number of legal votes were intended; and this is a question of fact for the statutory tribunal, whose decision is not correctible by the court.

A petition for a writ of *certiorari*, brought for the purpose of reviewing the action of a board of aldermen in an election contest, presents no question for the consideration of the court when it appears that the plaintiff has expressly waived any claim based upon a denial by the board of opportunity for a full trial before it.

Petition, for a writ of *certiorari*. The plaintiff alleged that he and one Barry were candidates for alderman from Ward 5, Manchester, in November, 1906. Barry was, and the plaintiff was not, the regular nominee of their party. After the moderator had

counted the ballots he declared that Barry had received 553 votes, that the plaintiff had received 464 votes, and that Barry was elected alderman, and the clerk issued an election certificate in accordance with that declaration. In December, the plaintiff procured an inspection of the ballots, which showed that he had received 487 votes, and that notwithstanding Barry's name was not erased from 517 ballots marked with a cross in the circle over the column in which his name appeared, on thirty-six of these ballots there was a cross in the square opposite the plaintiff's name. The plaintiff contested Barry's right to a seat in the board of mayor and aldermen; but the board, having been advised that the law required the thirty-six ballots in dispute to be counted for Barry, refused to hear him. The defendants' demurrer was sustained, and the plaintiff excepted. Transferred from the May term, 1907, of the superior court by *Peaslee,* J.

*James A. Broderick,* for the plaintiff.

*George A. Wagner* and *Burnham, Brown, Jones & Warren,* for the defendants.

PARSONS, C. J.   " Each branch [of the city councils] shall be the final judge of the election and qualification of its members, and if any election is contested shall have the same powers to ascertain the facts as the city convention have in regard to the election of mayor." P. S., *c.* 48, *s.* 11. "In case the election of mayor is contested, the city councils in convention shall have power to send for persons and papers, may inquire into the correctness of the returns, and shall hear and receive evidence as to any fraud or misconduct in relation to the election." P. S., *c.* 47, *s.* 3. In the determination of an election contest, each branch of the city councils, as well as the city convention, acts in a judicial capacity, and the conclusions reached are final as to matters of fact and cannot be otherwise inquired into. The superintending power of the court is limited to the correction of errors of law apparent upon the record, or to requiring the body to act if they refuse to entertain a contest. *Cate* v. *Martin,* 70 N. H. 135; *Cate* v. *Martin,* 69 N. H. 610; *Pittsfield* v. *Exeter,* 69 N. H. 336; *Attorney-General* v. *Sands,* 68 N. H. 54; *Gregg* v. *Goodrich,* 67 N. H. 543. "The form of the process required for the exercise of this power is not material. . . . 'On a sufficient petition, the question is whether there is an error correctible by the superintending power, and not whether . . . it is correctible on writ of error, writ of false judgment, *certiorari, mandamus, audita*

*querela*, or prohibition.' "    *Manchester* v. *Furnald*, 71 N. H. 153, 157; *Boody* v. *Watson*, 64 N. H. 162, 172, 173.

In his petition to the board of aldermen the plaintiff alleged that at the election to that office for the term in dispute from Ward 5 in Manchester he received more votes than any other person; that by a false and fraudulent count and declaration one Barry was declared elected and a certificate of election issued to him. These allegations presented a contest as to the election and made it the duty of the board to hear the parties and determine the controversy. The board granted the plaintiff an opportunity to present his claims by counsel, and at the conclusion of the statement of his contentions, made by counsel, without going into the evidence gave the plaintiff "leave to withdraw." If upon any evidence competent upon the question, producible under the statement of the plaintiff's counsel, it could have been found that Sheehan and not Barry was entitled to the office, the plaintiff should have had an opportunity to lay the evidence before the board; and the refusal of the board to hear the evidence would be error, correctible (treating the petition as in the nature of an application for *mandamus*) by an order directing the aldermen to proceed with the hearing. The issue whether the plaintiff or Barry was elected is determined by the decision, upon competent evidence, of the question who received the larger number of legal votes, or for whom were the larger number of legal votes intended. *Attorney-General* v. *Colburn*, 62 N. H. 70. This is a question of fact for the decision of the statutory tribunal, whose decision is not correctible by the superintending power of the court.

The evidence suggested by the plaintiff's counsel consisted of the moderator's count and declaration and the facts appearing and to be inferred from the ballots. *Attorney-General* v. *Megin*, 63 N. H. 378; Cool. Con. Lim. (6th ed.) 788; 15 Cyc. 418; 2 Wig. Ev., *s.* 1351; 10 Am. & Eng. Enc. Law 827. Conceding the plaintiff's claim as to the thirty-six ballots in dispute, the evidence is conflicting—the declaration tending to show that Barry was elected, and the ballots that Sheehan was. The only remedy, therefore, to which the plaintiff can be entitled in any view of the law is a direction to the board of aldermen to proceed with the hearing. But in the superior court the plaintiff expressly waived any claim based upon a denial by the board of opportunity for a full trial before it. As the court in the exercise of its superintending power cannot try the fact, the ruling of the superior court upon this waiver, that it did not appear that there was error which the court can review, must be sustained. The case therefore is at an end unless the plaintiff obtains leave to withdraw his waiver.

The controversy relates to the evidential force of thirty-six bal-

lots marked by a cross in the circle over the party column in which Barry's name appears and also by a cross in the square at the right of Sheehan's name, which appears in another column. It is contended that the provision of the statute (Laws 1897, *c.* 78, *s.* 17) —" unless cancelled or erased, all names in the party columns under the circle marked by the voter shall be counted, to the exclusion of all others "—is unconstitutional as an unreasonable regulation of the right of suffrage, and as an attempted legislative · decision of the weight of evidence—a purely judicial question. The only manner in which Sheehan could be harmed by the alleged unconstitutionality of this provision would be if the board, having found on competent evidence that these ballots were intended as votes for Sheehan, or were not intended to be votes for Barry, nevertheless counted them for Barry and found that it was necessary to so count them to elect him. Neither of these facts is alleged. It does not appear upon what ground the aldermen refused to hear the contest. The petition therefore does not show error of law in the action sought to be reviewed.

As these objections might be obviated by amendment, the constitutional question argued by the plaintiff has been considered; but it cannot be decided in this action because the justices sitting in the case are equally divided in opinion thereon. As the matter stands, an amendment will not avail anything. The order is,

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.