Hillsborough, ⎱
  Dec. 6, 1910. ⎰

## COLLINS *v.* PEARSON.

A writ of *mandamus* is not issued if an order requiring the defendant to comply with the prayer of the petition would be wholly nugatory.

PETITION for *mandamus*. Trial by the court. Facts found, and case transferred from the May term, 1910, of the superior court, by *Wallace*, C. J.

*Stephen L. Hallinan*, for the plaintiff.

*Edwin G. Eastman*, attorney-general, for the defendant.

BINGHAM, J.  In the petition filed in this proceeding, the plaintiff requested that a writ of *mandamus* be issued against the defendant compelling him to print the plaintiff's name on the official ballots to be used at the primary election to be held September 6, 1910, as a candidate for the republican nomination for senator in the twentieth senatorial district.  In the superior court the petition was dismissed, and the plaintiff excepted.

Since the proceeding was instituted the primary election of September 6 and the general election of November 8, 1910, have been held.  An order made at this time requiring the defendant to comply with the prayer of the petitioner would be wholly nugatory, and the issuance of the writ an idle and useless ceremony. Under such circumstances the court will not grant a *mandamus*, even though the plaintiff would otherwise be entitled.  *Mitchell* v. *Boardman*, 79 Me. 469; *Spiritual etc. Society* v. *Randolph*, 58 Vt. 192; 26 Cyc. 156.  There is, therefore, no occasion for considering whether the plaintiff, upon the facts alleged in the petition, would be legally entitled to have his name placed on the ballot. The order is, exception overruled.

*Petition dismissed.*

All concurred.