Belknap,
Nov. 5, 1930.

LUCIUS COVEY & *a. v.* RICHARD W. ROBINSON & *a.*

*Osgood & Osgood (Mr. Clinton S. Osgood* orally), for the plaintiffs.

*Harold E. Wescott* (by brief and orally), for the defendants.

ALLEN, J. Before Laws 1929, *c.* 139, went into effect, a local board of health was required to issue a certificate of unfitness for vaccination on the advice of a physician approved by it. P. L., *c.* 123, *s.* 1. This requirement was amended by the 1929 law so as to require the issuance of the certificate "on the advice of a registered physician of the state and practicing in the town in which the child resides." The amendment did away with any discretion of the local boards in passing on the medical qualifications and views of the physician. By it

the duty to issue the certificate was imposed if the physician advising met its tests.

Here the advising physician was registered in the state and if the defendants found her to be practicing in Laconia when the advice was given, their duty to give the certificates followed. The position is taken that because her office and residence were in Meredith, she was not practicing elsewhere. This is too narrow a view of the statute. Under it no certificate could be issued for children in towns where no physicians reside or have an office. Judicial notice may be taken of the substantial number of such towns in the state. It is not probable that the legislature intended to create, if it had the power to do so, an arbitrary situation in which exemption from vaccination depended in part upon the fortune of residence in a town where a physician is located. The test suggested by plaintiffs' counsel that the physician is practicing in all towns within the ordinary area of his professional activity, regardless of the number of his patients in a particular town at the time his advice is given, seems best expressive of the legislative purpose. The spirit of the statute to give equality of treatment to all is to be assumed, and to give it the restricted scope claimed by the defendants would lead to unfair discrimination.

The admitted facts do not demonstrate that the physician was qualified in respect to the area of her practice to give the advice. Her practice in Laconia was so limited that she had attended no patients there for about six months before giving the advice, and at the time she had no other patients there than the plaintiffs' children. While she had attended many patients there, the period of time the service covered does not appear. It might be found that her practice in Laconia was too rarely occasional to make it a part of her ordinary practice and that it was so outside her regular practice as to be special and separate from it. In continuously holding herself ready and willing to visit any who might call her there, she did not do enough to make it a part of the territorial range of her ordinary service. There must be some measurable extent of actual practice to embrace a given place within such range. And as of bearing on this point the population of Laconia may be considered. The more populous a place, the more the service required to make it ordinary. On the other hand, it might be found that her practice there, although occasional and limited, was sufficient to bring it within the required locality.

This issue of fact was for the defendants to determine. So far as the record shows, their refusal to issue the certificates was based

upon a preliminary finding adverse to the plaintiffs' claim. The presumption of regularity of procedure governs. It is here argued, however, that as a matter of law the physician could not be found to be practicing in Laconia because her office and residence were elsewhere. If it appeared that the defendants acted upon such an erroneous rule, their duty was not properly performed. It was for them to pass upon the issue under the view of the statute herein set forth. While their finding of the fact "is not correctible by the superintending power of the court," their duty to make their finding according to law may be judicially enforced. *Sheehan* v. *Mayor &c.*, 74 N. H. 445.

If the plaintiffs after amendment of their petition show that the issue was determined by an erroneous view and application of the law, the writ should be granted to the extent of requiring proper consideration of the physician's qualifications in respect to area of practice. Otherwise it should be refused.

*Case discharged.*

All concurred.