Strafford,
June 4, 1935.

BASIL E. ATWOOD *v.* NORMAN J. BERRY *& a.*

*Cooper & Hall* (*Mr. Cooper* orally), for the plaintiff.

*Everett J. Galloway* and *Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the defendant selectmen and town clerk.

ALLEN, C. J. The motion to dismiss the amended petition was properly denied. In substance and effect the petition was a new and distinct proceeding. It sought relief against new parties and of a different character from that for which the original petition was brought. But the informality of procedure is not prejudicial to any of the defendants if the prosecution of the amended petition is carried on in disassociation from the original one. *Willoughby* v. *Holderness*, 62 N. H. 661; *State* v. *Collins*, 68 N. H. 46; *Remick* v. *Company*, 82 N. H. 182, 184, and cases cited.

The exception to the decree is sustained. The decree was based on fundamental error in adopting the master's report and giving his findings the force of *res adjudicata* as to everyone.

The original petition should have been dismissed upon the event of the town meeting antecedent to any order upon the petition. No order effective to give the plaintiff the right to vote at the meeting could be granted, and the petition did not lie for any other relief. *Bell* v. *Pike*, 53 N. H. 473, 474; *Collins* v. *Pearson*, 75 N. H. 567; *Partridge* v. *Portsmouth*, 86 N. H. 594. Whether the supervisors were liable to a penalty (P. L., c. 24, s. 12) or to the plaintiff in an action for damages (*Hanlon* v. *Partridge*, 69 N. H. 88; *Sweeney* v. *Young*, 82 N. H. 159, 165), was not determinable in the proceeding. The petition was brought only to obtain the right to vote. As the delay in action on it made it impossible to secure the right, no remedy was available. While the supervisors were defendants, no personal rights against them were sought to be enforced. Only the performance of official duty might be ordered.

The master's findings that the supervisors were prejudiced and that the plaintiff was entitled to have his name on the checklist therefore have no binding force. In popular phrase the supervisors were not on trial. The plaintiff's right to be enrolled so that he

might vote was the ultimate issue; when it became unenforceable, all subsidiary and collateral issues were futile. If the right ever existed, it was lost and destroyed by force of extraneous circumstance. Being lost, it could not be asserted and vindicated, and hence jurisdiction to determine it was at an end in a proceeding to enforce it.

Incidentally, it is to be observed that the issues raised by the original petition were not properly limited. The plaintiff's name being intentionally omitted from the checklist, he had no right to vote. P. L., c. 24, s. 16. The administrative decision of the supervisors that he was not qualified was final. No legislation authorizes an appeal to the courts. By *mandamus* the supervisors might be directed to perform duties neglected or violated. But the exercise of their judgment or discretion in a particular manner may not be ordered when an opposite conclusion may be reasonably reached. "The superintending power of the court is limited to the correction of errors of law apparent upon the record, or to requiring the body to act if they refuse to entertain a contest." *Sheehan* v. *Mayor &c.*, 74 N. H. 445, 446. If the supervisors might have reasonably considered the evidence of the plaintiff's qualifications insufficient, their discretion controlled. If they acted in prejudice, as the master found, no bestowal of authority for the courts to act in their place thereby followed. Such a situation has not been obviated by legislation of which that considered in *Attorney-General* v. *Littlefield*, 78 N. H. 185, is an example. A direction to the supervisors to act impartially would in the nature of things be inappropriate. Liability to fine and to damages in a civil suit would seem to be the only consequences of such a breach of duty to be given cognizance.

There is a further reason for the incompetency of the master's findings to show that the plaintiff might be voted for. If by unprotested submission to the master's hearing the supervisors might be held to have bound themselves to a legal effect of the hearing, no others were thus bound. The rule is to be observed that "When a new defendant is brought in by amendment, the situation as to his rights and liabilities is what it would be if an original action against him were brought at that time. As to him, this is the beginning of the suit." *Lewis* v. *Hines*, 81 N. H. 24, 26.

The fact that the plaintiff seeks to compel the performance of official duties owed by the defendants does not alter the situation. The proceeding against the supervisors related only to the plaintiff's right of suffrage. His right to hold public office was not their concern. The purpose of the legislation relating to checklists for elec-

tions is only "not to subject or injuriously limit or restrain the right of suffrage, but to secure it in its fullest extent to those entitled to it, by preventing fraudulent voting." *Davis* v. *School District*, 44 N. H. 398, 405. The right to be voted for is to be otherwise determined. If ordinarily the qualifications for voting and for being voted for are the same, a finding that one is or is not qualified to vote is not *res adjudicata* in a proceeding to determine the right to hold office.

If the principle of *res adjudicata*, in its full application, may extend to the decisions of boards of supervisors as administrative judgments (see *State* v. *Corron*, 73 N. H. 434), the parties in any event must be the same or in privity. *Lord* v. *Locke*, 62 N. H. 566; *Sweeney* v. *Young*, 82 N. H. 159, 161; *Holland* v. *Company*, 83 N. H. 482, 488. The defendant supervisors not being proper parties in a contest over the plaintiff's right to hold office, he is neither to be prejudiced by their decision nor to be benefited by any findings or orders in the litigation against them attacking it. The issue of his right to be voted for is therefore undetermined and is unaffected by anything done in respect to his right to vote. The defendants other than the supervisors may properly contest his claim of title to office as a matter *de novo*.

Pending final judgment thereon, justice may require interlocutory orders. The interest of the town that its business be duly conducted during the litigation is one consideration of practical importance.

*Case discharged.*

All concurred.