Strafford. ⎱
May 7, 1940. ⎰ No. 3160.

WALTER S. WHEELER *v*. FRANK J. GRIMES *& a*.

*Stewart Everett Rowe*, (by brief and orally), for the plaintiff.

*Cooper & Hall* and *William A. Grimes* (*Mr. Grimes* orally), for the defendant.

WOODBURY, J. Section 18 of the charter of the City of Dover, (Laws 1929, *c*. 329, *s*. 18), after providing for the preservation of all

ballots cast at any city election, and after providing that such ballots, after counting by the ward officers in the several wards, shall be at once sealed up and delivered to the City Clerk, reads as follows: "Such ballots shall be preserved by the city clerk for thirty days with the seals unbroken, except that they shall be subject during that time to the examination of either branch of the city government, in determining the election of its own members, and the board of aldermen shall have power to decide all cases of contested election of persons chosen to office by any ward, and for that purpose shall have power to examine the votes preserved as above, and shall proceed to recount the votes upon demand therefor made within thirty days by any person voted for at such election."

If the provision that "the board of aldermen shall have power to decide all cases of contested election of persons chosen to office by any ward" could, standing alone, be construed to limit the board's power of decision to only ward officers, the final clause of the above statute which provides that the board "shall proceed to recount the votes upon demand therefor made within thirty days by any person voted for at such election", clearly indicates that no such limit upon the power of the Board of Aldermen was intended to be imposed. Construing the above quoted section of the charter as a whole, and considering that nowhere else therein or elsewhere in the statutes is any provision made for recounting the votes cast for officers elected by the voters in the separate wards to serve the city at large, we are of the opinion that the legislature intended the Board of Aldermen of Dover to have power to recount the votes cast for officers with city-wide powers like the Mayor and Street Commissioner as well as power to recount the votes cast for officers to serve in or represent their respective wards.

The Board of Aldermen having statutory authority to recount the ballots cast for Street Commissioner, the conclusion by them reached "is final as to matters of fact and cannot be otherwise inquired into. The superintending power of the court is limited to the correction of errors of law apparent upon the record." *Sheehan* v. *Mayor and Aldermen*, 74 N. H. 445, 446, and cases cited. See also *Rollins* v. *Connor*, 74 N. H. 456; *Hagerty* v. *Shedd*, 75 N. H. 393; *Broderick* v. *Hunt*, 77 N. H. 139, 141; *Atwood* v. *Berry*, 87 N. H. 331. There being no errors of law apparent upon the record, the order must be

*Petition dismissed.*

All concurred.