DAVID S. MACLAY & a. v. ENOCH D. FULLER, *Secretary of State.*

*David S. Maclay, pro se,* and for the plaintiff Robert P. Bingham.

*Gordon M. Tiffany,* Attorney General and *Warren E. Waters,* Assistant Attorney General, for the defendant.

Per Curiam. The evidence discloses that specimen ballots for use in Ward 1 of Manchester and absentee ballots for said Ward, none of which bear the name of the plaintiff Maclay as a candidate, have been printed and distributed. R. L., c. 34, ss. 17, 62. It is not plain whether the absence of the plaintiff's name results from inadequacies of the statute (R. L., c. 33, s. 49), or from his laches, or failure on his part to furnish the statutory affidavit. R. L., c. 33, s. 7. No clear right to the relief which he seeks is apparent. *Bell* v. *Pike*, 53 N. H. 473. Moreover, the situation is not subject to satisfactory correction in the short time remaining before election. No sufficient time would remain in which absentee ballots bearing the plaintiff's name could be printed, distributed to voters some of whom are doubtless in distant places, and returned to Ward 1 by election day. R. L., c. 34, s. 66. The use of adhesive stickers is prohibited except when a candidate is substituted for one who has deceased. R. L., c. 33, ss. 67, 68. Under all the circumstances, the occasion does not call for the exercise of the discretionary power to grant the extraordinary remedy of *mandamus*. See *Atwood* v. *Berry*, 87 N. H. 331.

*Petition dismissed.*