ANNIS *v.* GLEASON.

*Reference law—Amendment.*

The referee having found that another party ought to have been joined as plaintiff, and that when the writ had been so amended judgment ought to be rendered for the plaintiffs *nunc pro tunc*, the court permitted the amendments to be made, and rendered judgment accordingly.

FROM MERRIMACK CIRCUIT COURT.

ASSUMPSIT. George T. Annis sued as sole plaintiff. The declaration contained a count for goods, wares, and merchandise, bargained and sold by the plaintiff to the defendant, etc. Plea, the general issue. The action having been referred, the referee reported that " he finds that the debt and claim described in the plaintiff's specification is honestly and legally due and owing to the plaintiff jointly with one Joseph L. Robinson, his co-partner." He further reported that " the plaintiff should be allowed to amend his writ by inserting the name of Joseph L. Robinson as co-plaintiff. This amendment should be allowed without terms, the defendant having no defence whatever to the action (as clearly appeared at the hearing), and having suffered no inconvenience by reason of the premises, and the mistake having occurred without the fault or negligence of the plaintiff or his counsel. Assuming such amendment to be made, I award *nunc pro tunc*, that the plaintiffs recover," etc.

Now at this term the plaintiff moved for leave to amend his writ, by inserting and adding the name of said Joseph L. Robinson as co-plaintiff in said action; and leave being granted, the defendant excepted and filed this bill of exceptions, which was allowed by SMITH, J.

*Tappan & Albin*, for the plaintiffs.

*Blanchard* and *Flint*, for the defendant.

CUSHING, C. J. By ch. 207, sec. 16, Gen. Stats., additional plaintiffs may be made parties to the action on such terms as the court shall order. I can see no reason why the amendment desired should not be made, and judgment rendered according to the report. The statute providing for such references, ch. 97, sec. 13, Laws of 1874, authorizes the court to render judgment on the report of the referee, which appears to be just what the court has done in this case. The exception, therefore, must be overruled.

LADD, J. I am of the same opinion. The statute is as plain as the English language can make it; and I must say, that I think the time of the court ought not to be occupied with such frivolous questions, nor ought the state to be put to the expense of printing them in the reports.

*RAND, J., C. C. I concur. The matter is too plain to be discussed.

*Exceptions overruled.*

---

* SMITH, J., did not sit.