JUDGE OF PROBATE *v.* JACKSON *& a.*

Where a judgment has been rendered for the penalty of the official bond of a trustee who has been removed, a *scire facias,* sued out by a beneficiary entitled to a portion of the income of the trust fund, may be amended by the substitution of the trustee's successor for the beneficiary.

On such a *scire facias* the defendants may be regarded as properly brought into court to show cause against a motion to bring forward the original action for a rehearing in chancery on the forfeiture.

When the damage resulting to beneficiaries from a trustee's breach of trust is greater than the benefit derived from his services, he is entitled to no compensation.

SCIRE FACIAS, sued out by Mary A. Dorr, under Gen. St., *c.* 187, *s.* 12, on a judgment recovered in the name of the judge of probate for the penalty of a bond given, in 1865, by Jackson (the other defendants being sureties), for the performance of his duties as trustee under the will of Henry W. Dorr. In 1875 Jackson was removed, and Lord was appointed trustee in his place. In 1876 Lord caused the suit to be brought in which the judgment was rendered. The brief statement of his claim, endorsed on the writ in that suit, was, that the action was brought at the request of Charles W. Lord, trustee under the will of Henry W. Dorr, for the benefit of Mary A. Dorr, to recover the value of certain bank shares. This the plaintiff was allowed to amend

by adding a claim to recover $900 received by Jackson, as trustee, from the annual income of $15,000, in a policy of the Massachusetts H. Life Insurance Company, for the last six years prior to January 1, 1876, the same being $150 per annum. When the judgment had been rendered for the penalty of the bond, there was a hearing in chancery before a commissioner, at which Lord filed a specification for, and was adjudged to be entitled to, certain of the life insurance dividends received by Jackson in the years 1870–1874. He contended before the commissioner that other dividends of the years 1868, 1869, and 1875, had been received and wrongfully withheld by Jackson, but he did not ask to recover them because his specification was not broad enough. For these other dividends, this suit is brought. By the will, the income of the property in the hands of the trustee was to be paid by him to Mary A. Dorr.

*Lane*, for the sureties.

1. When Jackson was removed, it was his duty to deliver to his successor, Lord, on demand, all the trust property remaining in his hands. The title vested in Lord, and it was his duty to demand and receive the property from Jackson. Gen. St , *c.* 186, *s.* 8. Lord was therefore the " person interested," within the meaning of Gen. St., *c.* 187, *s.* 12 ; and this suit should have been brought by him and not by the *cestui que trust.*
2. The cause of action cannot be divided and made the ground of two suits. *Marble* v. *Keyes*, 9 Gray 221 ; *Bennett* v. *Hood*, 1 Allen 47 ; *Pinney* v. *Barnes*, 17 Conn. 420. Lord having prosecuted the suit on the bond to final judgment and execution, this suit cannot be maintained for items which were a part of the original and entire cause of action, and should have been recovered by him in the original action. It would be intolerable to bring a suit against principal and sureties for every separate item of which the estate might be composed. If the estate included a larger amount than he had specified, he should have cured the defect by amendment. The result of one suit is final as to the entire claim, and any mistake can be rectified only upon a new trial or rehearing of the original case.
3. If the suit is maintained, compensation should be allowed for the services of Jackson as trustee.

*Faulkners & Batchelder*, for the plaintiff.

Doe, C. J. The question whether this process should have been sued out by the trustee or the beneficiary does not reach the equity of the case. It is immaterial whether the income which Mrs. Dorr should have received from the former trustee is paid to her by the defendants directly, or by them through the hands of the present trustee.

She is, in fact, the most interested person ; and if she is not the " person interested," within the meaning of Gen. St., *c* 187, *s.* 12, the

formal defect in the procedure may be remedied by an amendment substituting the name of the trustee for hers. The defendants' objection may be regarded as a motion for an order that the defect be amended *(Berry* v. *Osborn*, 28 N. H. 279, 287); and such a motion should be disposed of at the trial term.

A motion by the present trustee to bring forward the original action for a rehearing in chancery on the forfeiture, and to make such amendments as might be necessary for the presentation of the entire claim, would be a proper course to correct the shortcomings of that action. Notice to the defendants would be necessary. The service of the *scire facias* is a notice. And the *scire facias* being a process requiring the defendants to show cause why Mrs. Dorr should not have execution against them for another part of the judgment that was rendered for her benefit, they may be considered as properly brought into court to show cause against such a motion for rehearing and amendment. The original hearing in chancery and the hearing on this *scire facias* go upon the same equitable grounds, and for the accomplishment of the same purpose. If by amendment, and presentation of the entire claim at the former hearing, the second trustee should have prevented further litigation, there may be a question of costs to be considered at the trial term.

The failure of the former trustee to pay Mrs. Dorr the income he received from the trust fund caused the expense of his removal and the suit on his bond. The damage resulting from his breach of trust is greater than the benefit derived from his services, and he is entitled to no compensation.

*Case discharged.*

Stanley, J., did not sit.