STATE *(ex rel. Duke & a.)* v. MARSTON.

A petition under Laws of 1887, c. 77, must allege that the building complained against is used for the illegal sale or keeping for sale of spirituous or malt liquors.

Such a petition ought to be framed according to the forms in equity, prescribed by the rules of court.

SMITH, J.   This is a petition under Laws 1887, *c.* 77, signed by twenty legal voters of the town of Berlin, and is as follows:
"Coös ss.   To the Supreme Court:

"The undersigned petitioners, legal voters of the town of Berlin in said county of Coös, complain against the building known as the Cascade House, situated in said town of Berlin, on the westerly side of Main street in Berlin Falls village in said Berlin, and say that said building is occupied by its owner, Henry F. Marston, his clerks, servants, and employés, for the purpose of selling and keeping for sale spirituous and malt liquors, wine, and cider, and is a common nuisance.

"Wherefore your petitioners pray that said building may be adjudged a common nuisance, and that said Henry F. Marston, his clerks, servants, and employés, and all other persons who shall occupy the said building, may be forever enjoined and restrained from keeping for sale or selling spirituous or malt liquors, wine, or cider, in or upon said premises."

The defendants demur, and the question is as to the sufficiency of the petition.   The statute is as follows:

"Section 1.  Any building, place, or tenement, in any town or city, that is resorted to for prostitution, lewdness, or illegal gaming, or that is used for the illegal sale or keeping for sale of spirituous or malt liquors, wine, or cider, is declared to be a common nuisance.

"Section 2.  The supreme court shall have jurisdiction in equity, upon information filed by the solicitor for the county, or upon petition of not less than twenty legal voters of such town or city, setting forth any of the facts contained in Section 1 of this act, to restrain, enjoin, or abate the same, and an injunction for such purpose may be issued by said court or any justice thereof."

The petition alleges that the building complained of "is occupied by its owner . . . for the purpose of selling," etc.   This is obscure.   It may mean that the occupant has an unexecuted intent to use the building for selling, etc.   It may mean that the building is so used.   In civil actions, where words are used which bear a natural sense and an artificial sense, they may be taken either way against the party pleading; and if either sense will operate against the pleader, his pleading is defective.   Gould Pl., *c.* 3, *s.* 54.   The purpose of the occupant is immaterial so long as it is not carried into effect.   It is the use made of the building for illegal purposes which makes the building a common nuisance.

There is no allegation that the selling or keeping for sale is illegal. The sale of cider in quantities of ten gallons and upwards is not illegal; and sales of intoxicating liquor by a town agent within the limitations of his appointment are legal. The petition is defective in these two particulars.

The petition is informal, at least, in that it is not framed according to the form prescribed for a bill in equity. See forms in equity in the rules of court, 56 N. H. 612. The petitioners "complain against the building." The owner, who is also the occupant, is not in terms made defendant. The "person" and "case" may, perhaps, "be rightly understood by the court" without amendment (G. L., c. 226, s. 8); but the forms for proceedings in equity were prepared by the late Chief-Justice *Bell* (than whom no one was better qualified), to secure uniformity of procedure, to avoid obscurity and uncertainty, to facilitate trials, and to diminish the expense of litigation. Conformity to the rules ought therefore to be observed. This is not a proceeding for the forfeiture of any property real or personal, and in that respect is unlike *State* v. *Barrels of Liquor*, 47 N. H. 369, *State* v. *Rum*, 51 N. H. 373, *State* v. *Whiskey*, 54 N. H. 164, and *State* v. *Tufts*, 56 N. H. 137. The building is made a common nuisance by its illegal use. The nuisance may be abated by an injunction against the illegal use, and by legal process for enforcing the injunction.

A general description of the illegal use that constitutes the nuisance would seem to be all that the statute requires, or that would ordinarily be practicable. A particular description of the liquor kept or sold, with the particulars of the various sales and the like, might not always be convenient or possible, and if required, the object of the statute would be defeated. *State* v. *Whiskey*, 54 N. H. 164, 166.

The defendants have not, by brief or otherwise, indicated their grounds of demurrer; and the question whether there are other defects in the petition is not decided.

As to the other petitions, where there is no allegation that the occupants were the owners of the buildings, and in which demurrers were also filed, we are of opinion that such allegation is not necessary. The owner need not necessarily be joined with the occupant as defendant. He may be unknown, or there may be numerous owners and widely scattered. A petition may be maintained against the occupant; but the injunction would not be issued against an owner who was not a defendant, and who had not had notice and an opportunity to be heard.

*Demurrer sustained.*

Carpenter, J., did not sit: the others concurred.

*Ladd & Fletcher* and *D. J. Daley*, for the defendants.

*R. N. Chamberlin*, for the petitioners.