## RANCOUR'S PETITION.

A petition for an injunction under the nuisance act of 1887 is a civil proceeding, in which depositions may be taken and used.

PETITION, for *habeas corpus.* The petitioner was summoned to give his deposition in a proceeding under the liquor nuisance act, against Lucy and Frank Mozrall. He appeared before the magistrate and refused to testify, or to answer any question, on the ground that the proceeding is in the nature of a criminal complaint, in which the law does not authorize the taking of depositions, and because *c.* 77, Laws of 1887, is in conflict with the constitution. The magistrate overruled the objection, and ordered him to answer; still refusing, he was placed under arrest for contempt. Thereupon he applied for this writ of *habeas corpus,* to test the question whether he was legally bound to answer.

*Bingham, Mitchell & Batchellor,* for the petitioner. After reminding the student of the distinction between common nuisances and private nuisances, the latter being in the nature of a civil injury to individuals, Blackstone says,—" Common nuisances are such inconvenient and troublesome offences as annoy the whole community in general, and not merely some particular person, and therefore are indictable only, and not actionable." Black. Com., Book IV, *c.* 13, *s.* 5. All disorderly inns or ale-houses, bawdy houses, gaming-houses, stage plays, unlicensed booths, and the like, are public nuisances, and may, upon indictment, be suppressed and fined. The act under consideration declares that all places used for the illegal sale of liquor are public nuisances. The first section of the statute does not change the common law in any particular material to this discussion. Common nuisances are criminal at common law, and the statute declares these matters and things to be a common nuisance. There is here no attempt to treat the matter as a private nuisance. No special wrong or injury to any individual, as distinct from the public, is alleged. Herein lies the distinction between this case and such as are instanced of civil actions in favor of an individual, based upon facts that might be proved in support of a criminal information or indictment.

The decision in *State* v. *Barrels of Liquor,* 47 N. H. 369, has no relevancy, because that was a proceeding *in rem.* The claimants were voluntary defendants, and as to the caption of depositions, the respondents in criminal cases, and both parties in civil matters, have the privilege by virtue of special statutes. It is the right of the state to take depositions that is here questioned. What conspicuously marks the proceeding as criminal, that is, as one that deals with an offence against the general public, is, that no special injury is or can be shown in it affecting the peti-

tioners, in any other manner or to any greater extent than it does any other members of the body politic; that it is under the sanction of the state's counsel; that all taxable costs arising in its prosecution are chargeable against the public treasury; that the offence charged always was criminal at common law, and is now made criminal by statute; that no claim for private damages is set up by the petitioners specifically or inferentially; that the remedy sought is one that involves the possible condemnation of the respondent's property to destruction, and the restraint of themselves in the matter of personal and business conduct by injunction—a remedy which is employed, on occasion, in relation to public nuisances.   High Inj., s. 521.   It may be added, however, that no principle of the law of injunctions is more clearly established than that private persons, seeking the aid of equity to restrain a public nuisance, must show some special injury peculiar to themselves, aside from and independent of the general injury to the public. *Ib.*, s. 522.

The constitution of New Hampshire, article 15, gives this unequivocal declaration of the right of a party who is accused of a criminal act: "No subject shall be held to answer for any crime or offence, . . . despoiled of his property, immunities, or privileges, . . . or deprived of life, liberty, or estate, but by the judgment of his peers, or the law of the land."   The question is, whether these respondents shall be held to answer for a crime or offence contemplated by the provisions of this article before such a tribunal and under such limitations and safeguards as are specified and reserved to them by the terms of the instrument. No other offence is described or suggested than such as is termed a crime or offence in the article.   It is only a public wrong, a criminal offence, a public nuisance of which they complain, and for which they would "hold the respondents to answer."   The tribunal before which they seek to bring the complaint, try the offenders, and procure a decree depriving them of the control of their property, is one which will not require accusing witnesses to face the accused, will not require the presence of a jury, and will not require a statement of the offence with the particularity of the criminal law, and will not base its own judgment upon the findings of a jury.

*Remich & Remick*, for the defendant.   Are proceedings under the nuisance act, so called, c. 77, Laws of 1887, criminal, so as to prevent the taking of depositions in behalf of the petitioners under s. 1, c. 229, of the Gen. Laws? If so, the caption was void, and the prisoner should be discharged.   We submit that they are civil proceedings in every sense of the phrase,—civil in respect to the court having jurisdiction of them, civil in respect to the form of them, and civil in respect to the object contemplated by them.   1. They are laid in a court of equity, to

which criminal matters are not only foreign, but inaccessible. 1 Bish. Cr. Proc., s. 1412. 2. They are commenced, entered, served, and conducted throughout in a civil, as distinguished from a criminal, manner: no complaint and warrant, no arrest, no arraignment, no bail, no indictment, nothing of the semblance or suggestiveness of a criminal prosecution. 3. As they are civil in form, so they are civil in object. They do not seek the enforcement of any criminal law, common or statutory. The petition does not conclude with "contrary to the form," etc., "against the peace," etc., or ask for any judgment of a criminal nature. All that is sought, or that is obtainable, by the proceedings, is an injunction, and an injunction is a civil mandate or decree without a criminal element about it, either fine or imprisonment.

True, the petition in this case is endorsed by the solicitor, but this does not change the nature of the proceedings. Proceedings inherently civil do not become criminal merely by receiving the stamp of the state's legal representative. Wherever the interests of the state are judicially involved, she is entitled to the services of her legal representative : the appearance of his name, therefore, proves nothing as to the civil or criminal character of the proceedings. The fact remains, in spite of the solicitor's indorsement, that the proceedings in this case are civil in form, object, and in every other sense of the word. It is also true that the petition must charge, and the evidence disclose, a violation of criminal law; but it is for a civil, and not a criminal, purpose. The proposition that an action, though civil in form and civil in object, is yet criminal, and subject to criminal procedure merely because the allegations and proofs disclose an offence against the criminal law, is absurd in view of the familiar and daily practice.

According to that, actions for damage arising out of assault, battery, arson, or any other offence, would have to be tried according to the rules of the criminal law; yet every one knows that whenever individual damage is involved in any crime the injured one has a civil action according to civil methods. "As the same facts on which an indictment proceeds may be the subject of a common-law action, so, also, they may be of a suit in equity." 1 Bish. Cr. Proc., s. 1413. State v. Barrels of Liquor, 47 N. H. 369, is quite in point. There the proceedings were on a complaint for the forfeiture of liquors. The complaint necessarily set forth that the liquors were kept in violation of the criminal law; yet the court held that inasmuch as the object of the complaint was not the enforcement of that law, or the imposition of any fine or imprisonment for its violation, but merely the confiscation of the liquors, the proceedings were civil, and that depositions might be taken. If that proceeding, begun by criminal complaint and warrant in a criminal court, charging criminal conduct, and having for its object the absolute confiscation of property, was civil, how much more are proceedings under the nuisance act civil, which are

begun in a civil mode, in a civil court, and for the object, not of confiscation, but only of restraint.

BLODGETT, J.   A petition for an injunction under the nuisance act of 1887 is a civil proceeding (*State* v. *Saunders, ante, p.* 39), and consequently depositions may be taken and used therein.   Gen. Laws, *c.* 229, *s.* 1.

As to the other objections to the caption taken by the petitioner, it is hardly necessary to say that they were not open to him at that stage of the proceedings.

*Petition denied.*

BINGHAM, J., did not sit : the others concurred.