STATE (*ex rel. Blodgett & a.*) *v.* BATCHELLER *& a.*

A petition for the abatement of a nuisance, which does not show that the nuisance is maintained by the defendant, is bad on demurrer.

PETITION, under Laws of 1887, *c.* 77, signed by twenty legal voters, for the abatement of a liquor nuisance in Fitzwilliam. It alleges that " the building occupied " by the defendants " as a drug store, savings-bank, and post-office . . . is a place where spirituous liquors are unlawfully kept and sold, and is a common nuisance," and prays that " the same may be abated, and for such further relief as may be just." The defendants demur.

*C. B. Eddy*, for the state.

*A. J. Blake* and *D. H. Woodward*, for the defendants.

CARPENTER, J. The petition is defective. It is not alleged that the defendants maintain the nuisance,—that they use the building for the illegal sale, or keeping for sale, of spirituous liquors. The building may be occupied by the defendants as a drug store, savings-bank, and post-office, and by other persons for other purposes. It is consistent with the allegations of the petition that the liquors are kept for sale and sold in the building by other occupants and not by the defendants. It is not the building, but the illegal use of it, that is the nuisance. When such use of it ceases, the nuisance is abated. *Brown* v. *Perkins*, 12 Gray 89, 102. The process of the court goes against the persons by whose unlawful acts the nuisance is created. The petition must show with reasonable certainty who those persons are, and they must be made parties to the proceeding.

This is a civil action (*Rancour's Petition*, *post, p.* 172), and the petition may be amended.

*Demurrer sustained.*

SMITH, J., did not sit : the others concurred.