BROADHURST *v.* MORGAN, *Ap't.*

Counts in case and assumpsit, relating to the same subject-matter, may be joined in one declaration.

Whether justice requires an amendment of the declaration is ordinarily a question of fact to be determined at the trial term.

If A, being indebted to B, pays the amount thereof to C, on the latter's promise of indemnity, A, upon suit brought by B and refusal by C to settle the suit, may pay to B the amount of his indebtedness with costs, without a trial, and recover the amount so paid of C.

CASE, for deceit, with a count in assumpsit. The action was brought in the police court of Somersworth, where the plaintiff had judgment, and the defendant appealed. The defendant demurred on the ground (1) that the counts could not be joined, and (2) that no cause of action was stated in either count. The

demurrer was overruled, and the plaintiff had leave to file a new count in assumpsit. The defendant excepted.

Facts found by the court. Morgan brought a suit against one Parsons, and summoned Broadhurst as trustee, who was indebted to Parsons in the sum of four dollars. Morgan promised Broadhurst, if he would pay to him said sum, that he would protect him from all loss by reason thereof, which Broadhurst did, relying upon Morgan's promise. No service of the writ was made on Parsons, who, after the time for service had expired, demanded payment of Broadhurst. The latter informed Morgan of the demand, and requested him to return the money. Morgan refused. Parsons thereupon brought a suit against Broadhurst for the money, and attached his wages on trustee process. Broadhurst informed Morgan of the suit, and requested him to settle it or return the money. Morgan refused, charged Broadhurst not to settle the suit, and promised to take care of it. Broadhurst settled the suit, paying Parsons $4 damages and $5.62 costs.

Judgment was ordered for the plaintiff on the counts in assumpsit for $9.62, with interest from the date of the writ, and costs, and the defendant excepted.

*O. S. Cormier*, for the defendant.

*W. S. & D. R. Pierce*, for the plaintiff.

SMITH, J. The money attached in the trustee suit was not Morgan's money. The attachment gave him no right to it or to its possession, but merely a statutory lien, with the right to hold Morgan's interest in it, provided he should obtain judgment and seasonably sue out and levy an execution. *Baker* v. *Beers*, 64 N. H. 102, 104. Broadhurst, by paying the money to Morgan before it had been judicially determined that Parsons was indebted to him, was not thereby discharged of his indebtedness to Parsons. Parsons's right to enforce payment was merely suspended during the pendency of the trustee process, and when by Morgan's neglect to complete the service of his writ the attachment was dissolved and suit discontinued, his right to demand and recover the money of Broadhurst was as complete as though it had not been attached. It was against this liability that Morgan promised to indemnify Broadhurst; and because of his neglect to protect him, the latter is entitled to recover his damages, assessed at $9.62.

Broadhurst was under no legal obligation to permit Morgan to undertake the defence of the Parsons suit and await the result of litigation, at least without being secured against the costs of litigation. It is not suggested that there was any defence to the suit, and none is perceived. If Parsons could not recover of Broadhurst, it is clear the latter was not chargeable as trustee.

Whether justice required that the declaration should be amended,

was a question of fact to be determined at the trial term. *Sawyer* v. *Railroad*, 62 N. H. 135.

Counts in case and assumpsit may be joined in a declaration on a single cause of action. *Rutherford* v. *Whitcher*, 60 N. H. 110.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.