STATE (*ex rel.* BEEBE & a.) *v.* WILKINS.

A petition for the abatement of a liquor nuisance, signed and filed, gives jurisdiction which extends to the final judgment, and is not affected by any change in the residence or condition of the petitioners.

PETITION, signed by twenty-two legal voters and filed September 2, 1889, for the abatement of a liquor nuisance in Fitzwilliam. The solicitor has not had charge of the case, and does not appear. There has been no trial. At this term Beebe and three other petitioners declined to prosecute further, and by leave of court withdrew their names from the petition. Thereupon the defendant moved that the petition be dismissed.

*Silas Hardy,* for the plaintiffs.

*Don H. Woodward,* for the defendant.

CLARK, J. By s. 1, c. 77, Laws 1887, "Any building, place, or tenement in any town or city that is resorted to for prostitution, lewdness, or illegal gaming, or that is used for the illegal sale or keeping for sale of spirituous or malt liquors, wine, or cider, is declared to be a common nuisance." Section 2 provides that the supreme court shall have jurisdiction in equity, upon information filed by the solicitor for the county, or upon petition of not

less than twenty legal voters of such town or city, setting forth any of the facts contained in *s.* 1 of this act, to restrain, enjoin, or abate the same, and an injunction for such purpose may be issued by said court or any justice thereof.    Laws 1887, *c.* 77.    Under this statute the filing of a petition for the abatement of a liquor nuisance, signed by twenty-two legal voters, gave the court jurisdiction of the subject-matter, and by due notice jurisdiction of the person of the defendant was acquired.    The statute remaining in force, the jurisdiction thus obtained extends to the final judgment in the cause, and cannot be taken away by any change in the residence or condition of the petitioners.

An information filed by the solicitor, or a petition signed by not less than twenty legal voters, is necessary to give jurisdiction under the statute, as a complaint, information, or indictment is essential to jurisdiction in criminal cases; and a petitioner's voluntary withdrawal, death, or ceasing to be a legal voter, affects the jurisdiction no more than the death of a complainant or prosecuting officer by whom an information was filed, or the decease or removal from the jurisdiction of a member of the grand jury by whom an indictment was formed affects the jurisdiction of the court in a criminal proceeding.    In such cases the state is the real plaintiff, although in some instances a complainant or petitioner may be liable for costs.    In the administration of municipal affairs instances are numerous where jurisdiction is given by statute to tribunals to act upon petition of a certain number of legal voters.    In such cases jurisdiction once acquired is not lost by the reduction of the number of petitioners below the statutory limit by death or removal preceding the action of the tribunal.

If the petitioners are regarded as parties, the jurisdiction is determined by the state of facts existing at the time of filing the petition.    When jurisdiction has attached, it is not defeated by subsequent acts of the parties.    Jurisdiction of the subject-matter and of the parties once obtained is not lost by the removal of one or all of the parties out of the territorial jurisdiction.    When it depends upon residence of the parties or upon the amount in controversy, a change of residence, or a reduction of the amount by confession or otherwise, does not oust the court of jurisdiction once acquired.    *Morgan* v. *Morgan*, 2 Wheat. 290; *Mullen* v. *Torrance*, 9 Wheat. 537; *Dunn* v. *Clarke*, 8 Pet. 1; *Clarke* v. *Mathewson*, 12 Pet. 164; *Hardin* v. *Cass County*, 42 Fed. Rep. 652. The jurisdiction is not impaired by the withdrawal of the four petitioners.

*Motion to dismiss denied.*

CARPENTER, J., did not sit: the others concurred.