Merrimack,
June, 1894.

STATE (*ex rel. Thorndike & a.*) *v.* COLLINS *& a.*

A petition under P. S., c. 205, s. 5, may be amended by substituting a legal voter for a petitioner who is not a legal voter.

PETITION, by twenty-one persons alleged to be legal voters in Concord, for the abatement of a liquor nuisance in that city. Two of the petitioners were not such voters. The petition was amended by substituting two voters for them, subject to the defendants' exception.

*William H. Sawyer* and *Burleigh & Adams*, for the state.

*Albin & Martin* and *Bingham & Mitchell*, for the defendants.

CHASE, J. The statute required the petition to be signed by not less than twenty legal voters of Concord. P. S., c. 205, s. 5. It purported to be so signed, and was therefore sufficient upon its face; but it turned out that only nineteen of the signers possessed the requisite qualification. Was the defect amendable? There is nothing in the nature of this action (*State* v. *Saunders*, 66 N. H. 39; *Rancour's Petition*, 66 N. H. 172) that excludes it from the operation of the general rule, authorizing the court to allow amendments to be made in civil actions by adding new parties or substituting new ones for original parties, if justice requires the change to be made. P. S., c. 222, ss. 7, 8, 11; *State* v. *Batcheller*, 66 N. H. 145; *Annis* v. *Gleason*, 56 N. H. 16; *Judge of Probate* v. *Jackson*, 58 N. H. 458; *Boudreau* v. *Eastman*, 59 N. H. 467; *Buckminster* v. *Wright*, 59 N. H. 153; *Hazen* v. *Quimby*, 61 N. H. 76; *Willoughby* v. *Holderness*, 62 N. H. 661; *Fitch* v. *Nute*, 62 N. H. 700; *Owen* v. *Weston*, 63 N. H. 599, 603, 604; *Smith* v. *Hadley*, 64 N. H. 97. The requirement that there shall be twenty petitioners who are legal voters in the town

where the alleged nuisance exists was designed to prevent frivolous and vexatious suits. So many persons of mature age, having an opportunity to learn whether a nuisance exists, by a residence in the vicinity for six months at least (P. S., c. 31, *ss.* 1, 8), are not likely to join in a petition unless there is reasonable cause for instituting the proceeding. As a guaranty of the necessity and good faith of the suit, the petition of such persons may well be regarded as equivalent to an information filed by the solicitor of the county. P. S., *c.* 205, *s.* 5. The object of the requirement is not defeated by substituting a qualified person for one not qualified. The substitute will not become a party unless he approves of the proceeding. Moreover, in legal effect, he becomes a petitioner from the beginning of the action. *Whittier* v. *Varney*, 10 N. H. 291, 302, 303.

Whether justice required that the amendment should be made is a question of fact that is not reviewable here. *Broadhurst* v. *Morgan*, 66 N. H. 480.

*Exception overruled.*

Wallace, J., did not sit: the others concurred.