Merrimack, }
June, 1900. }

STATE v. STRICKFORD.

An injunction against the use of a building as a liquor nuisance is not authorized by mere proof of such use, with the knowledge and assent of the owners and keepers, within six months prior to the commencement of proceedings, when such use ceased before the proceedings were begun.

INFORMATION, by the county solicitor, filed December 28, 1899, alleging that the defendant is the owner and occupant of a certain building in Hooksett, that at the time of the filing of the information, and during the six months next preceding, the building was used for the illegal sale and keeping for sale of spirituous and malt liquors, wine, and cider, and was a common nuisance, and praying for an injunction to abate the same. The building was used for such illegal purposes on October 19, 1899, and prior thereto, but was not so used at the time of the filing of the information.

*George M. Fletcher*, solicitor, for the state.

*Almon F. Burbank*, for the defendant.

PARSONS, J. Under the statute, it is the illegal use which makes a building used for the illegal sale and keeping for sale of spirituous and malt liquors a common nuisance. P. S., c. 205, s. 4; *State* v. *Marston*, 64 N. H. 603, 604; *State* v. *Saunders*, 66 N. H. 39, 84. A nuisance cannot be abated, with or without legal process, if it has been discontinued, and has not been renewed when proceedings are begun against it. *State* v. *Noyes*, 30 N. H. 279; *State* v. *Saunders*, *supra*; *The King* v. *The Justices*, 7 D. & E. 467; *The King* v. *Stead*, 8 D. & E. 142. Section 2, chapter 81, Laws 1899, does not change the law, or authorize the maintenance of a suit and the rendition of a judgment upon a cause of ac-

tion that ceased to exist before the suit was brought. *State v. Saunders, supra.* The right to abatement having been established by proof of the illegal use which constitutes the nuisance, the nuisance is abated by an injunction against the illegal use. Since the proceeding is not *in rem (State* v. *Marston,* 64 N. H. 603), a further question may arise, viz., against what persons the injunction should run to effect such abatement. *State* v. *Harrington,* 69 N. H. 496 ; *State* v. *Harrington,* 69 N. H. 670. It will not be issued against persons who are not parties, or who have not had notice and an opportunity to be heard. *State* v. *Marston, supra.* The second section of the act of 1899 bears upon this question : " The owner of, and all persons interested in, the building or premises in which said common nuisance is kept and maintained, as well as the keeper thereof, may be made parties to the proeedings; and all such owners, keepers, or parties interested, who may be found to have knowingly assented to the keeping or maintaining of such nuisance upon the premises at any time within six months prior to the commencement of such legal proceedings, and their servants, agents, lessees, and tenants, shall be perpetually enjoined," etc. Laws 1899, *c.* 81, *s.* 2.

Upon the question whether, for the effectual abatement of the nuisance, the injunction should or should not run against all persons interested in the building, evidence of their knowledge and assent to such illegal use at the time, or prior thereto, would be competent, and, in the absence of legislation, such evidence might or might not be conclusive. The statute is a legislative declaration that for the proper abatement of such a nuisance all persons interested in the building, assenting to the illegal use within the time limited, should be included in the restraining order against the use. The same language is used to confer the jurisdiction in equity upon the court to abate the nuisance in section 1 of the act of 1899, as in section 5, chapter 205, of the Public Statutes, and no amendment purports to be made to section 4, chapter 205, which declares the illegal use a nuisance. As the foundation of the proceeding is still the nuisance created by the illegal use, and the purpose its abatement, such use must still be shown to exist at the commencement of the proceedings to authorize a judgment. In the language of the section, it must appear that " said common nuisance is kept and maintained " in the building. It must also appear that the persons sought to be enjoined are owners, keepers, or persons interested therein. The section does not authorize an injunction against a person not an owner when the proceeding is commenced, or the abatement of a nuisance that has ceased to exist. If a past illegal use can logically or legally be declared a present nuisance, no such legislative declaration has been made. Since the lan-

guage used is not open to the inference that the legislature intended to authorize the abatement by judicial order of a nuisance already abated by the parties, or to authorize an injunction by way of punishment for past complicity in the illegal use, the question whether such provisions, if enacted, would be of legal effect is not considered. It is not found as a fact or alleged in the information that the defendant threatens or intends to so use the building complained of in the future as to create a nuisance. In the absence of such allegation and finding, the question of the jurisdiction of the court to prevent by injunction the creation of a threatened nuisance of this character is not presented by the case. In the present case, the nuisance having been abated by the parties before the filing of the information, and there being no charge of danger of its repetition, no authority exists to issue an injunction against any person.

*Information dismissed.*

All concurred.