Grafton, }
June 2, 1903, }

### STATE (*ex rel.* HYDE) *v.* LYNCH.

Whether the solicitor of a county should be permitted to appear as prosecutor in a proceeding for the abatement of a liquor nuisance, in place of the original petitioner who asks leave to withdraw, is a question determinable in the superior court.

PETITION, for the abatement of a liquor nuisance, brought by Hyde as superintendent of police in Lebanon. At the February term, 1903, of the superior court, before *Pike*, J., Hyde asked leave to withdraw his petition, and the defendant moved that the same be dismissed. The county solicitor opposed the motion, and asked leave to appear in the place of the plaintiff and to prosecute the suit to judgment. The request of the solicitor should be granted if the court has power.

*George F. Morris*, solicitor, for the state.

*Martin & Howe*, for the defendant.

PARSONS, C. J. The substantive fact upon which the proceeding depends is the existence of the alleged illegal use at the commencement of the proceedings. *State* v. *Strickford*, 70 N. H. 297; *State* v. *Saunders*, 66 N. H. 39, 90. Such use is the cause of action. Whether the injunction against such use is asked in the name of the state by a petition at the instance of an officer of the town, or by an information by the law officer of the county or state, the state is the real plaintiff. *State* v. *Wilkins*, 67 N. H. 164, 165. The issue and the judgment are the same in each case. Laws 1899, *c.* 81, *s.* 1. Whether the petitioner can withdraw against the objection of the state's counsel, and whether such withdrawal abates the proceeding, are immaterial questions. If necessary to maintain the proceeding, and required for the promotion of justice, the substitution of the solicitor for the withdrawing complainant and the denomination of the proceeding as an information by amendment render these questions immaterial. The suggested amendments introduce no new cause of action, and are within the statute authorizing amendments in civil cases. P. S., *c.* 222, *ss.* 7, 8, 11; *State* v. *Batcheller*, 66 N. H. 145; *State* v. *Wilkins*, 67 N. H. 164; *State* v. *Collins*, 68 N. H. 46. If permitted, the amendments relate to the commencement of the proceeding. *State* v. *Collins, supra*; *Whittier* v. *Varney*, 10 N. H. 291, 303. Whether such amendments should be allowed is a

question of fact.   The superior court having ruled, in substance, that such substitution should be made, such order presents no question of law.

*Case discharged.*

All concurred.