Coos, }
April 17, 1913. }

Trustees of Dartmouth College *v.* Donald A. Cameron & a.

Where disputes as to the quantity of logs cut and delivered from a certain tract arise between a lumber operator and a lot-owner and between the owner and his vendee, the issue in each case being provable by the same or similar evidence, an action of assumpsit against the vendee, in which the others are joined as plaintiffs, affords a remedy whereby the parties may reach a valid and binding settlement of both controversies in a single trial.

Bill in Equity, alleging in substance that the plaintiffs are indebted to Cameron for cutting from their land and delivering to the other defendant, the Berlin Mills Company, a large quantity of logs which the latter purchased of them and for which it is still indebted to them; that it was agreed between the plaintiffs and the company that the company should pay a certain price per thousand feet for the logs delivered to it, the quantity to be determined by the company's surveyor; that the defendant Cameron agreed with the plaintiffs to cut and deliver the logs at a specified price per thousand feet, the quantity to be determined by the same survey; that the defendant company declines to pay the plaintiffs for the quantity of logs returned by the surveyor, claiming that Cameron fraudulently removed from many of the logs the scaling marks put upon them by the surveyor and thereby caused the surveyor to scale them again, thus making the aggregate quantity much larger than it actually was; that Cameron has brought an action at law against the present plaintiffs to recover for cutting and delivering the logs, claiming the quantity to be what was returned by the company's surveyor. The prayer is that Cameron may be enjoined from prosecuting his action at law and that the issues between all the parties may be determined in this suit. The questions of law arising on the defendants' demurrer were transferred without ruling from the December term, 1912, of the superior court by *Chamberlin*, J.

*William M. Chase*, *Frank S. Streeter*, and *Albert O. Brown*, for the plaintiffs.

*Thomas F. Johnson* and *Goss & James*, for Cameron.

*Drew, Shurtleff & Morris* and *Sullivan & Daley*, for the Berlin Mills Company.

WALKER, J.    From the allegations of the bill it appears that the claim of Cameron against the plaintiffs, as well as the plaintiffs' claim against the defendant company, depends upon the determination of the simple fact of the quantity of timber or logs delivered to the company under its contract with the plaintiffs.    Cameron cut and delivered the logs to the company, and for that labor the plaintiffs are bound to pay him the stipulated price per thousand feet, as ascertained by the company's surveyor, while the company is bound to pay the plaintiffs a certain other price per thousand feet for the logs it has received, according to the same survey.    Both claims relate to the same subject-matter and both depend upon the same issue, viz., the quantity of the logs according to the survey of the company's agent, and the issue is provable in both suits by the same or similar evidence.    Upon this state of the facts there is no occasion for two trials which might result in dissimilar verdicts upon that issue.    Justice seems to require but one trial, by the result of which all the parties will be bound.    But an action at law affords an adequate remedy for the accomplishment of this purpose.    By changing the bill in equity into an action of assumpsit by an amendment, and by joining Cameron as a plaintiff or by requesting him to join therein (*Annis* v. *Gleason*, 56 N. H. 16; *Cole* v. *Gilford*, 63 N. H. 60; *State* v. *Collins*, 68 N. H. 46; *Contoocook Precinct* v. *Hopkinton*, 71 N. H. 574, 576), for the determination of the quantity of logs he delivered to the company, the parties will reach a valid and binding settlement of the suits in a single trial. There is no suggestion that in this way any serious embarrassment or inconvenience would be encountered.    Procedure of this character, when convenient and equitable, is often resorted to for the speedy and economical accomplishment of justice.    See cases cited in *Owen* v. *Weston*, 63 N. H. 599, 603, 604.    Also, *Fitch* v. *Nute*, 62 N. H. 700; *Peaslee* v. *Dudley*, 63 N. H. 220; *Perham* v. *Fibre Co.*, 64 N. H. 2; *Gage* v. *Gage*, 66 N. H. 282, 296; *Smith* v. *Bank*, 69 N. H. 254; *Davison* v. *Davison*, 71 N. H. 180; *Prentiss* v. *Box Co.*, 75 N. H. 605.    The superior court may find that justice requires that Cameron's action at law against the college should be continued until this suit is ended.    In this view of the case, the demurrer must be sustained.

*Case discharged.*

All concurred.