Merrimack, }
April 5, 1921. }

### ARTHUR J. WATKINS v. BOSTON & MAINE RAILROAD.

### BOSTON & MAINE RAILROAD v. ARTHUR J. WATKINS.

### PETITION OF WALTER E. TUFTS.

A deposition, taken after a petition for an injunction to restrain such taking has been dismissed subject to exception, and given by the witness after his petition for *habeas corpus* has been denied subject to exception, is a waiver of both exceptions.

The propriety of interrogation in a deposition is sustained, if the matters inquired about may become relevant, though the interrogating party has no knowledge what the answers will be.

A petition for a new trial is a civil proceeding in which depositions may be taken.

BILL IN EQUITY, for an injunction.
Petition for *habeas corpus*.

After judgment for the defendant in the case, *Watkins* v. *Hustis*, 79 N. H. 285, the plaintiff Watkins filed a petition for a new trial upon the ground of newly discovered evidence, upon which an order of notice was issued and duly served upon the railroad.

The railroad seeks to have enjoined the caption of depositions in the proceeding brought by Watkins of which due notice had been given. Upon hearing, the petition for injunction was dismissed and the railroad excepted. The petitioner Tufts having been summoned to give his deposition refused to answer and was committed by the magistrate. He then brought his petition for a writ of *habeas corpus* which upon hearing the court refused to issue and Tufts excepted. The plaintiff Watkins not having filed affidavits in support of his petition for a new trial, it was ordered that affidavits in support thereof be filed within one week after the conclusion of the taking of the deposition, and the deposition of Tufts was thereupon taken. The questions of law presented by the foregoing exceptions were reserved and transferred by *Branch*, J., from the April term, 1920, of the superior court.

*Streeter, Demond, Woodworth & Sulloway*, for the railroad and Tufts.

*Robert W. Upton* and *Joseph C. Donovan*, for Watkins.

PARSONS, C. J. Instead of taking advantage of the order of the court reserving his decision and transferring to this court the questions raised by the exceptions, the parties by completing the deposition have waived their exceptions. The railroad desired to prevent the taking of the deposition, the witness Tufts to avoid testifying. But instead of taking advantage of the opportunity offered them by the superior court to obtain the opinion of this court as to their rights they yielded to the original order.

At the close of the hearing, the question was whether judgment should be rendered despite the exceptions or whether the exceptions should be sustained and judgment rendered adversely to the prior orders. This question the court reserved and transferred. This delayed the entry of judgment in the superior court until the exceptions were disposed of here. *Glover* v. *Baker*, 76 N. H. 261, 266. It may be Tufts acted under a misapprehension as to the situation without intending to waive his exception. But in that event the

controversy is equally determined. Tufts, having testified, has no further interest in the matter. The deposition having been taken, an injunction would be of no value to the railroad unless it is proposed to take further depositions which is not alleged. This is undoubtedly a case where a bill of exceptions to a final order of the superior court would not give full protection to the objecting party because the exceptions could not seasonably be heard in this court. It is not probable, however, that situation will ever arise in practice so as to necessitate a consideration of the restraining power vested in this court, if any. Procedure such as was followed in *Hutchinson* v. *Railway*, 73 N. H. 271, will doubtless be sufficient.

But if it be assumed that Watkins proposes to take further depositions, no ground appears upon which he can be denied the right given by statute. P. S., c. 225, s. 1; *Boston & Maine R. R.* v. *State*, 75 N. H. 513, 518; *Rancour's Petition*, 66 N. H. 172, 173; *Hayward* v. *Barron*, 38 N. H. 366. The railroad contends, as reasons why depositions cannot properly be taken, that the petition for a new trial is not supported by affidavits; that such a proceeding is not a civil cause within the meaning of the statute and that the petition is defective in that it does not set forth "the reasons for such new trial" with sufficient definiteness. P. S., c. 230, s. 2. No authorities are cited for the proposition that a petition for a new trial must be accompanied by affidavits. If there is anything to the claim, it is answered as to further proceedings by the order requiring such affidavits to be filed. The claim that the petition for a new trial duly filed in court with an order of notice issued by the court and served is not a civil cause pending in court does not require consideration.

The objection to the sufficiency of the allegations of the petition should be taken by demurrer or motion for a specification. Postponement of the taking of depositions until the issue could be made more certain, if asked for, might have been granted, if in fact justice required such course. It is suggested that Watkins admitted that the witness had given him no intimation that he could furnish any new evidence. This seems to be an acknowledgment that counsel proposed to ask questions without knowing what the answers would be. This is perhaps a dangerous practice in the course of a trial but no legal objection to the procedure is known. The witness was asked as to the accident because of which Watkins claims to recover. To what extent the facts of the original injury may become material in the trial of the petition for a new trial cannot be ascertained in advance. The propriety of interrogation in a deposition is sustained

if the matters inquired about may become relevant. *Boston & Maine R. R.* v. *State, supra.*

Whether the deposition can be used at the trial in court is a question not now raised. Most of the difficulties the defendant railroad suggests will not arise if it secures Tufts' attendance at the trial. P. S., c. 225, s. 1.

Unless Watkins thought the witness Tufts could testify to something that would aid him, it is not probable he would have incurred the expense of attempting to take his deposition. The railroad certainly cannot complain because Watkins, instead of seeking to extract the information from Tufts, their employee, by secret negotiation, proceeded openly, giving them notice and opportunity to hear all that Tufts could be induced to say. No reason is perceived for discouraging what appears to be a reasonable method for the scientific investigation of fact. *Taylor* v. *Thomas,* 77 N. H. 410, 411.

*Exceptions overruled.*

All concurred.