Hillsborough, }
Feb. 1, 1927. }

### Mary A. Sheehan v. Walter B. Connor.

P. S., *c.* 237, *s.* 8, limits action against bail to one year after final judgment against the principal; and this period will not be extended by a second judgment entered by agreement of the parties, and without determination of any question by the court, but made solely for the purpose of avoiding the limitation as to the bail.

Where a judgment is entered by consent of parties, the court's adoption of the agreement implies no judicial consideration of the merits of the order.

Although entry of judgment on the docket be not for a definite amount, the judgment is not void for uncertainty if the true amount is readily ascertainable from other docket entries.

A judgment unless otherwise ordered bears date as of the last day of the term when entered; but a special date of judgment may be ordered.

The presumption is that a judgment was regularly entered.

Scire Facias, against bail. More than a year after the entry of judgment in the action against the principal the action was brought forward and a new entry of judgment made with the consent of both parties to the action. Upon the second judgment execution was issued, and thereafter this proceeding was brought. On an agreed statement of the facts the defendant was held not liable, and the plaintiff excepted. Transferred by *Matthews*, J.

*Timothy F. O'Connor* and *Myer Saidel* (*Mr. Saidel* orally), for the plaintiff.

*James A. Broderick* (by brief and orally), for the defendant.

Allen, J. It is provided by P. S., *c.* 237, *s.* 8 (P. L., *c.* 349, *s.* 8), that "No *scire facias* against bail shall be supported unless the same shall be served on the bail within one year after the final judgment against the principal." It is claimed that the second judgment as

superseding the first one was the final one, and that the first one was therefore inoperative in tolling time in the defendant's favor.

A final judgment has been defined as one which disposes of the case as between the parties. *Carmichael* v. *Texarkana*, 116 Fed. Rep. 845; *Sinking Spring &c. Company* v. *Gring*, 257 Pa. St. 340; *Barnes* v. *Wagener*, 169 Ind. 511. The judicial act of rendering a correct and valid judgment in a case meets the test of finality. If a judgment may not be vacated against the objection of either party, it is an effectual and final disposal of the controversy. *Watkins* v. *Railroad*, 81 N. H. 363, 366.

If parties by agreement may have a new judgment entered as a substitute for one already entered and the agreement as between them may establish the effectiveness of the new one and the ineffectiveness of the first one by estoppel or as a consent judgment, it cannot affect the validity of the first judgment or alter its character as final, nor may it operate to modify the statute or disturb its effect. If the first judgment meets the statutory requirement of finality, the bail has the benefit of it. The statute does not contemplate a series or succession of valid judgments, making the last one the final one. Otherwise the parties might at their pleasure and caprice prolong the determination of the final judgment indefinitely and make illusory the period designed by 'the statute to end in repose. Like other statutes of limitation, the statute prescribed a time which was meant to be capable of practical ascertainment and not subject to the plaintiff's will or interference or to rigid literalness of definition.

If, however, a judgment is vacated and set aside for cause, it cannot be regarded as final. Even if it has apparent and assumed finality until attacked, the order for vacating it destroys such finality, and no running of the statute can accrue therefrom.

Cases relating to the loss of *mesne* attachments, in their analogy to bail as a substitute for attachment, are in harmony with this construction. While it is held as between the parties that an attachment in an action entered as of a prior term will be reinstated with the action (*Langdell* v. *Company*, 78 N. H. 243), and that an attachment lien will be restored when a judgment is vacated by reason of mistake or fraud (*Gunnison* v. *Abbott*, 73 N. H. 590), yet the attachment is lost when mistake or fraud does not appear. *Nihan* v. *Knight*, 56 N. H. 167; *Murphy* v. *Hill*, 68 N. H. 544.

The claim is made that the first entry of judgment was made by mistake and was therefore erroneous. No incorrectness in it is suggested and its inherent validity seems to be conceded. Although

the entry on the docket was not expressly for a definite amount, the amount was readily ascertainable from other docket entries and could not be uncertain. If the entry was informal, it was one sanctioned by common practice, and was sufficient evidence that judgment had been ordered. "It has never been the practice to withhold execution until the full record has been made up." *Nihan* v. *Knight, supra, p.* 169. Execution could have been taken out at any time after the entry and the judgment was not subject to attack by either party for error in it.

The plaintiff's contention, however, is that the entry was made without her knowledge and without intention on her part that it should be done, and so was an entry made by mistake and which' therefore might be properly vacated. No finding has been made either that there was, or that the second judgment was judicially predicated upon, such a mistake. But as the agreed facts are reported, the question is raised whether such a finding might be made, and their sufficiency for the purpose has been considered.

After the verdict a judgment was in order at any time on the plaintiff's request. No motion by the principal to have the verdict set aside and no exceptions stood in the way. It is the usual practice to order a judgment at the term in which judgment is in order to be taken, in the absence of a motion to continue. No such motion was made. While a judgment unless otherwise ordered dates as of the last day of the term in which it is entered, authority to order a special judgment date is unquestioned. *New Hampshire Strafford Bank* v. *Cornell*, 2 N. H. 324, 332; *Haynes* v. *Thom*, 28 N. H. 386. Here there was such a special date. It is to be assumed that the judgment thus specially dated was ordered at the request of the party entitled thereto, in the absence of evidence to the contrary. The presumption is of regularity rather than irregularity in the issuance of judgments. Since parties ordinarily know how their cases stand, such knowledge is to be taken for granted so as to place upon them the burden of disproving it. So far as the record shows, the motion to bring forward the action on the docket assigned no grounds to support it, and action was taken on it as a matter of course in view of the principal's consent. Neither the motion nor the order made in pursuance of it tends to show that the plaintiff was unaware of the first entry of judgment when it was made. The entry of the second judgment being by agreement of the parties thereto, the court's adoption of the agreement implied no judicial consideration of the merits of the order regardless of the agreement.

The second judgment duplicated the first one in all respects except as to its date and the addition of the intervening accrual of interest, and at best as a judicial act was no more than an affirmance of the first one. The lack of stated grounds for the motion and the principal's consent to it as dispensing with its judicial consideration point to no merit in it, and much less do they show what merit for it was claimed. The only fair inference from the record is that the motion was made solely as an effort to defeat the running of the statute in favor of the bail and that the mistake was in failing to take action upon the first judgment rather than in its entry. The plaintiff's ignorance of the first judgment at the time of its entry cannot be found either as a fact or as a probable reason for the second judgment. The mistake or neglect in failing to proceed under the first judgment within the statutory limit of time cannot justify a disregard of the judgment in affecting the liability of the defendant here. No principle of law or equity can be invoked under the facts appearing for avoidance or suspension of the operation of the statute.

It therefore becomes unnecessary to consider the technical question of the validity of the second entry of judgment. Bringing the action forward and having it continued did not vacate the first judgment. *Nihan* v. *Knight, supra, p.* 169. The second judgment could not be valid in any event if the first one remained outstanding, and its validity would at least require the entry for it to include an implied order for vacating the first judgment, since there was no express order to such effect. But as the first judgment was properly entered, was correct and valid, and was in force and effect for the statutory period, whether the second one has any standing at all other than as an agreement of the parties is not here of importance.

As the defendant was not seasonably sued, his other points of defense are not considered.

*Exception overruled.*

BRANCH, J., did not sit: the others concurred.