Belknap, }
May 6, 1930. }

HARRY SWINGLEHURST *v.* GEORGE H. BUSIEL.

*Jewett & Jewett (Mr. Stephen S. Jewett* orally), for the plaintiff.

*Murchie, Murchie & Blandin* and *Napoleon J. Dyer (Mr. Alexander Murchie* orally), for the defendant.

ALLEN, J.   The deposition is sought to be taken under the enactment (P. L., c. 337, s. 1) that "The deposition of any witness in a civil cause may be taken and used at the trial, unless the adverse party procures him to attend so that he may be called to testify when the deposition is offered."

It is conceded that a cause must be pending to authorize a deposition to be taken.  The question is if the pendency of the motion to set aside the verdict gives sufficient support for the exercise of the authority, and, the authority being established, if the deposition may extend to all matters which may be relevant to the cause.

So far as the deposition may relate to the pending motion, it may be taken.  If the motion is brought to a hearing, it is conceivable that the deponent might be able to furnish evidence bearing on the alleged misconduct of the jury.     His absence from the trial is not conclusive to show his lack of knowledge or information relative thereto.

But further than in relation to such inquiry the deposition may not properly go.  The statute gives no authority for taking depositions except in connection with a pending cause, and then only to the extent that they may be material at the trial of some issue arising during its course.  The purpose of the statute is to substitute the deposition for the personal presence of the witness.  *Boston & Maine R. R.* v. *State*, 75 N. H. 513, 519.  It does not authorize inquiry into matters unrelated to the cause and the inquiry may extend only to its possible service at the trial for use at which it is taken.  The deponent here, being a party, may raise the objection of irrelevancy of the questions (*Boston & Maine R. R.* v. *State, supra*, 520), and as any questions not relating to the pending motion would be irrelevant, the limits of the scope of the deposition to some bearing on the motion are not doubtful.

While the verdict may be set aside and thus put the cause in order for another trial, there is no presumption that it will be disturbed.  On the contrary, it is final unless the motion should be granted.  It may not be maintained that there will be another trial, and that there may be is not enough reason within a fair view of the statute to subject parties and witnesses to the disturbance of depositions relating to the issues in a new trial which is only a possibility.

If a cause after trial is transferred to this court on exceptions which if sustained will result in another trial, there is understood to be no practice of taking depositions during the transfer.

The defect of the claim of right to take depositions without regard to issues apparently pending lies in the fact that there is no proba-

bility of any issue which the depositions will be of any use and service in determining.

If the motion to set aside the verdict is denied and judgment entered on the verdict, the judgment will be assumed to be final. *Sheehan* v. *Connor*, 82 N. H. 529, and cases cited. Thereafter the cause is not pending. If a petition for a new trial is brought under P. L., c. 342, depositions may be taken as in any cause. *Watkins* v. *Railroad*, 80 N. H. 102, 104. But until the petition is brought, there is no cause pending, and the legal situation during the interval between the judgment and the institution of the petition is the same as that between the accrual of a cause of action and action brought upon it. The rule applies that depositions may be taken after, but not before, suit is commenced.

*Case discharged.*

All concurred.