Hillsborough,&#125; No. 3797.
  Oct. 5, 1948.

STATE *v.* DONAT F. COTE *& a.*

*McLane, Davis, Carleton & Graf* and *Stanley M. Brown* (*Mr. Brown* orally), for the plaintiff.

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the defendants.

DUNCAN, J.  The pending actions arise out of transactions with respect to construction work done or agreed to be done for the State under various contracts made by the State Comptroller.  In its equity action, the State has alleged these contracts to be invalid because entered into without authority and in violation of statute.  The relief sought by the bill is a decree ordering that the contracts "be set aside and rescinded as invalid," an accounting for all moneys paid to and expended by the defendants, determination of the reasonable value of "all labor and materials expended," and restitution of all sums paid by the State in excess of such value.  By replevin the State seeks recovery of materials claimed to be its property under one of the contracts, providing for the fabrication and furnishing of a sprinkler system for the Laconia State School.

The defendants' motion to dismiss the action of replevin, in essence a plea of abatement upon the ground of pendency of a prior action for the same cause, presents the question of "what on the whole justice requires."  *Tinkham* v. *Railroad*, 77 N. H. 111.  The parties join issue upon the question of whether the actions are for the same cause.  Although it appears that in equity the defendants seek dismissal upon the ground that the remedy at law is adequate, they assert in support of the motion before us that the relief sought at law may be obtained in equity, and that the action is therefore brought solely for the purpose of harassing the defendants.  They further assert that by seeking

rescission of the contract relating to the State School, the State has made an election between inconsistent remedies which bars it from asserting rights based upon the contract.

The State on the other hand maintains that by its bill in equity it does not, "strictly speaking," seek rescission and restitution, "but rather an acceptance of the benefits [of] an executed fraudulent and *ultra vires* contract with a prayer to be relieved of the fraudulent and *ultra vires* overpayment." In substance it takes the position that it seeks to do equity by conceding the defendants' right to be paid the fair value of benefits conferred under an unenforceable contract, upon restoration to the plaintiff of payments in excess of such value.

We are not now called upon to determine the plaintiff's right to maintain its bill in equity. It is sufficient for purposes of this action that examination of the bill discloses a purport consistent with the interpretation given it by counsel for the State in this proceeding. On that interpretation, the remedies sought in the two actions are not inconsistent, but complementary; and the State cannot be said to have made a binding election, precluding maintenance of the action of replevin. Whether it can be successfully maintained necessarily depends upon the determination of facts not now before us.

Because the remedies sought in the two actions appear to be consistent, it does not follow that the causes presented are identical. So far as can now be determined, they are not. By the equity action the plaintiff does not seek to replace the parties in their original positions, nor to retransfer to the defendants title to the materials sought to be replevied, assuming that title has in fact vested in the State as it claims. So far as now appears, it accepts the defendants' performance under the contracts in question, but seeks to do so at a price based upon fair value rather than fixed by contracts alleged to be invalid. If the bill may be maintained, and the plaintiff should succeed in obtaining the relief sought, it would not thereby gain possession of the materials which it seeks by replevin, nor would the decree be a bar to action to obtain it. Should it not be entitled to the relief sought in equity, present dismissal of the replevin action might leave it without remedy. It follows that justice does not require the second action to be dismissed as vexatious. *Hoyt* v. *Company*, 80 N. H. 27, 31; *Dolber* v. *Young*, 81 N. H. 157. This conclusion is consistent with the general principle that a prior action in equity will not abate an action at law. *Powers* v. *Heggie*, 268 Mass. 233; *Illinois Minerals Co.* v. *Miller*, 327 Ill. App. 596. The law action is essentially one *in rem*. As such it presents no necessary conflict with the prior action *in*

*personam.* 1 C. J. S. 83; 1 Am. Jur. 39, 40. The motion to dismiss was properly denied.

It follows that no occasion is presented to enjoin the taking of the proposed depositions. It is suggested that the command for the production of records by the treasurer of the defendant corporation conflicts with the court's order for inspection entered in the equity action. Production is now sought as a testimonial aid, rather than for purposes of re-inspection. The issues presented differ from those presented in equity. The period covered by the inspection order was July 1, 1946 to March 31, 1948. *State* v. *Cote, ante,* 109. The writ of replevin alleges a wrongful detention on June 17, 1948, and records sought on deposition are for the period June 1, 1947 to August 27, 1948. To the extent that the periods overlap, we see no reason why the plaintiff should be restricted to information obtained by inspection made with respect to different issues. If genuine questions of substance should arise, the depositions may be adjourned pending ruling by the trial court, or other suitable means taken to protect the rights of the parties. The right to take the depositions cannot be affected by the objections urged. R. L., *c.* 393, *s.* 1; *Boston & Maine Railroad* v. *State,* 75 N. H. 513, 517, 520.

The defendants have not argued their claim that the plaintiff should be enjoined from taking further action, or depositions of any description, pending the appeal on preliminary issues in the equity action. It is not apparent why the defendants should be granted blanket immunity as thus proposed, or how the requested order would be warranted.

*Exception overruled.*

All concurred.

ON MOTION FOR REHEARING. After the foregoing opinion was filed, the defendants moved for rehearing. The plaintiff requested that in disposing of the motion, the court "clarify" the meaning of the last paragraph of the opinion, as applied to a motion filed by the defendant Cote in the Superior Court in the equity action, seeking to enjoin the plaintiff from taking depositions in that action pursuant to notices given after the opinion in this case was filed.

*Hughes & Burns* and *Donald R. Bryant* for the motion.

*McLane, Davis, Carleton & Graf* and *Stanley M. Brown* opposed.

DUNCAN, J. The concluding paragraph of the opinion is not controlling of questions raised by the defendant's motion. It relates to proceedings and depositions in general, not to depositions in the equity action in particular. The question of whether depositions should be enjoined in the particular action is not determinable as a matter of law, but presents matters of fact for the trial court's consideration, to be determined as justice and convenience may require. *Watkins* v. *Railroad*, 80 N. H., 102, 104; *LaCoss* v. *Lebanon*, 78 N. H. 413, 417; *Owen* v. *Weston*, 63 N. H. 599. Nor is the question necessarily to be regarded as one coming within the class of "important questions of law . . . the decision of which might shorten the trial of the facts" (*Glover* v. *Baker*, 76 N. H. 261, 262) which it has been the practice to transfer in advance of trial where considerations of justice and convenience make such procedure proper. *White M't'n &c. Co.* v. *Murphy*, 78 N. H. 398, 403.

As the pending appeal, not yet here docketed, is understood, no order yet entered has the effect of presumptively terminating the litigation (Cf. *Swinglehurst* v. *Busiel*, 84 N. H. 327), nor would it necessarily terminate should the defendants' exceptions be sustained. See *Owen* v. *Weston*, *supra*, 604. Thus the principal ground suggested in support of the motion to enjoin the depositions is not impressive. The questions of whether a specification or the production of documents by the plaintiff may at some time be required and if so at what stage of the proceedings, are likewise for the trial court. See *Brown* v. *Barnard*, 91 N. H. 58. They are not necessarily decisive of the right to take depositions.

The motion for rehearing presents no questions not already fully considered. Accordingly the order is

*Motion for rehearing denied.*

All concurred.