Hillsborough, } No. 3853.
Nov. 1, 1949. }

VIRGINIA C. STAARGAARD & a.

*v.*

PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE.

*McLane, Davis, Carleton & Graf* and *Stanley M. Brown* (*Mr. Brown* orally), for the plaintiffs.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Louis C. Wyman* (*Mr. Louis C. Wyman* orally), for the defendant.

JOHNSTON, C. J. The position of the plaintiffs is stated in their brief as follows: "Moreover, the plaintiff is not here asking for discovery process and does not seek to examine the records, hence neither discovery nor pretrial examination would serve the purpose involved. The production is now sought as a testimonial aid, rather than for the purposes of examination."

It is true that the propriety of questions asked in the taking of a deposition under R. L., c. 393, s. 1 does not depend upon the certainty of their admissibility at the trial but rather upon the fact of whether the matters inquired about may become relevant and competent. *Boston & Maine R. R.* v. *State*, 75 N. H. 513; *Taylor* v. *Thomas*, 77 N. H. 410; *Watkins* v. *Railroad*, 80 N. H. 102; *Swinglehurst* v. *Busiel*, 84 N. H. 327. Within limits, the deciding of whether this latter stated test is met rests in the sound discretion of the Trial Court when, as in the present case, it is called upon to find and rule.

The motion of the plaintiffs was that the defendant be required to produce its records "relating to prior accidents to passengers in its buses." The record does not disclose the reasons of the Court for denying the motion. It may well have found that passengers in buses suffer accidents, evidence of which could by no possibility become relevant to the issues tendered by the plaintiffs' writs or material to

the proper preparation of plaintiffs' case for trial. The plaintiffs' claim of negligent construction and maintenance is understood to relate to the absence of a rail or other protective device in front of certain seats in the defendant's buses, and the consequent risk that passengers might be thrown from such seats. It is obvious that the requested records would include many relating to accidents the circumstances of which could have no possible "legitimate bearing" on this issue. See *State* v. *LaPage*, 57 N. H. 245, 289; I Wig. Ev. (3d *ed.*) s. 12. Since the plaintiffs declined to modify the scope of their request and sought no alternative relief, the motion was properly denied. The Trial Court was not called upon to require production of records of all accidents to passengers, merely on the chance that some would disclose the type declared upon.

Should the plaintiffs choose to seek production of records falling within a category confined to accidents which have arisen within a reasonable period from causes attributable to any of the defects asserted in the instant cases, no reason now appears why a motion therefor may not be granted. If they are distrustful of selection of appropriate records by the defendant, it will be open to them to inquire concerning the method of selection, and to seek further production if occasion is disclosed. It is not to be presumed that the defendant will not comply with a proper order, and no reason appears why the plaintiffs' right to have access to records of a particular type should be extended to supervision of the selection of such records from the defendant's files. Thus limited, "if the information favors the defendant, no harm is done; if it is the other way and negligence and causation are determined, justice is accomplished." *Lefebvre* v. *Somersworth Co.*, 93 N. H. 354, 358.

*Exception overruled.*

All concurred.